IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                              CRIMINAL NO. 2:18-cr-00134

**ALLEN H. LOUGHRY II**

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
STANDARD DISCOVERY REQUESTS; REQUEST OF THE UNITED STATES
FOR RECIPROCAL DISCOVERY; AND NOTICE OF INTENT TO OFFER
<u>EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1 of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on June 22, 2018, the United States of America, by counsel, responds to defendant's Standard Discovery Request as follows:

**Preliminary Response:**

In this case, the United States provides expansive discovery, which is organized on a hard-drive device (provided by defendant) in folders as outlined below.

```
1.   Request A and B – Def Statements
2.   Request D – Defendant Criminal History
3.   Request E – Anticipated Trial Exhibits
4.   Request E – Grand Jury Records
5.   Request E – Other Records
6.   Request G – Expert Testimony
7.   Request H – Favorable Information
8.   Request I – 404(b)
9.   Other Materials
```

**Specific Responses:**

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Folder 1 contains numerous statements by defendant Loughry, including emails, financial disclosure forms, return information, memoranda of interview and notes containing the substance of statements by defendant Loughry to individuals known by the defendant to be government agents, and a transcript of defendant Loughry's interview by FBI Special Agent James D. Lafferty and others on March 2, 2018. Also included are copies of some opinions by defendant Loughry and a list of cases from the West Virginia Supreme Court of Appeals (the "Supreme Court") in which defendant Loughry wrote an opinion.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows-- or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** See Response A above. In addition, the United States possesses many emails that have not been added to any of the specific folders produced with this discovery response. We have imported those emails into a document management system known as

2

"Eclipse."  Should you want to review the universe of documents, we can provide the documents in an "Eclipse Publish," which comes with a stand-alone viewer, which will allow defendant and his counsel to review the emails.

At this time, the United States does not intend to introduce emails that are not specifically produced with this discovery response or with any future, supplemental response.

**(ii)  The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:**  The United States does not possess any record of any oral statement made by defendant after arrest. For other statements, made at any time before arrest, see Response A above.

**(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:**  Not applicable.

**Request D:  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:** See Folder 2 for a copy of a NCIC report for the defendant, and reports from the WV State Police and the DMV.

**Request E:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those**

**items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** See Folder 3 – "Request E – Anticipated Trial Exhibits," which contains 12 subfolders, including subfolders named "Documents for Subst Travel Counts," "Cass Gilbert Desk," "GJ Exhibits," "Photographs-Videos," and "Travel-Other Records," among others.

See also Folders 4 and 5, for Grand Jury Records and Other Records, respectively, which the United States may introduce at trial.

In addition, the United States intends to introduce defendant Loughry's book, "*Don't Buy Another Vote, I Won't Pay for a Landslide: The Sordid and Continuing History of Public Corruption in West Virginia,*" or excerpts of the book.

The United States may also introduce a chart or summary of cell phone location data, corresponding to the dates of travel during which defendant Loughry used a Supreme Court vehicle and/or a government gas credit card. The United States will provide any such chart or summary to the defense when available.

**Request F:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiments if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due**

4

**diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** None. The United States may introduce evidence relating to an appraisal of the value of the Cass Gilbert desk that defendant Loughry had at his house and which is the subject of counts in the indictment. See Response G below.

**Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** See Folder 6, for materials related to an appraisal of the Cass Gilbert desk that defendant Loughry kept at his house from 2013 through approximately Nov. 30, 2017. The United States may introduce evidence about the value of the desk based on the appraisal. Attachment 8 in the materials explains the bases and reasons for the appraisal, and the qualifications of the appraiser.

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

5

**Response:** Without conceding that any of the material provided in Folder 7 - "Favorable Information" is in fact exculpatory, or that all of the materials contained therein constitute admissible evidence for impeachment purposes, the United States provides specific materials in that folder that may be deemed favorable by the defense. In addition, the United States notes that various witnesses may have provided information revealed in memoranda of interview or grand jury testimony, which may be found in the folder named "Other Materials" and which may be deemed favorable for impeachment purposes.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** The United States may introduce evidence that several times between 2011 – 2015 defendant Loughry sold copies of his book, "*Don't Buy Another Vote, I Won't Pay for a Landslide: The Sordid and Continuing History of Political Corruption in West Virginia,*" to The Greenbrier Resort, in relation to book signing events at The Greenbrier Resort. At defendant Loughry's request, The Greenbrier Resort paid his wife, Kelly D. Loughry, for the books. Defendant Loughry did not report the money received from The Greenbrier Resort on the Judicial Financial Disclosure Statements that he filed for the years 2013-2015.

The United States contends that evidence of the foregoing is direct evidence of the fraud charged in the Indictment in paragraphs 25-29 and in Counts 7, 9, 12, and 13, in that it makes it more probable than not that defendant Loughry's use of a Supreme Court vehicle and government gas credit card for trips to The Greenbrier Resort for book signing events was personal in nature and not related to his duties as a Justice of the Supreme Court. The evidence, therefore, is not evidence of other crimes, wrongs, acts under Fed. R. Evid. 404(b), because the evidence "arose out of the same transaction or series of transactions as the charged offense[s], [is] inextricably intertwined with the evidence regarding the charged offense[s], or . . . is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989); see also United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) (holding that acts intrinsic to charged crime do not fall under Rule 404(b)).

Nevertheless, the United States provides notice under Fed. R. Evid. 404(b)(2), in the event that the evidence or any part of it is deemed to fall under Rule 404(b). The evidence of the payments and defendant Loughry's failure to report the payments on his Judicial Financial Disclosure Statements is admissible to show motive, intent, plan, pattern, and absence of mistake.

7

Similarly, the United States intends to introduce evidence that defendant Loughry made false and/or misleading statements to members of the media, the State Legislature, and other people about his role and level of involvement in the renovation and refurbishing of his chambers. Again, the United States contends that such evidence is not evidence of other crimes, wrongs, acts under Fed. R. Evid. 404(b), but rather is evidence intrinsic to the crimes charged in the indictment. Chin, 83 F.3d at 87-88; see also Indictment ¶¶ 40-41. The United States nonetheless provides notice in the event that the evidence is deemed to fall under Rule 404(b).

The United States may also introduce evidence of all of defendant Loughry's trips during which he used a Supreme Court vehicle and/or a government gas credit card. Such evidence may be in the form of a chart or map showing the trips, dates, locations, etc. Moreover, the United States may introduce detailed evidence of specific trips not expressly charged in the Indictment, including the following:

- January 28-29, 2014
- June 20-22, 2014
- October 25-27, 2014
- November 23-25, 2015

8

Again, such evidence would not be evidence under Rule 404(b) but would be evidence intrinsic to the crimes charged in the Indictment.

**Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:**  None.

**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:**  The United States will seek judicial notice that Charleston, Kanawha County, West Virginia, lies within the Southern District of West Virginia.

**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:**  None.

**Other Materials:** See Folder 9 – Other Materials, which includes six subfolders:

   1. Annual Reports-WVSC
   2. Certificates

9

   3. GJ Transcripts & Some Exhibits
   4. Miscellaneous
   5. MOIs
   6. New Cingular

The materials provided pursuant to this Response contain many materials that are not specifically responsive to any of the requests noted above or to discovery obligations mandated by Brady/Giglio or the Jencks Act.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** Per Fed. R. Crim. P. 12(b)(4), the United States hereby provides notice of its intent to use materials produced in Folders 3 – 5, 8, and 9 as evidence. The United States, however, also reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence that may be discovered and finally provided to defendant.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that

defendant Loughry provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant Loughry in his Standard Discovery Requests.

### NOTICE OF THE UNITED STATES INTENT TO OFFER EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

Pursuant to Fed. R. Evid. 902(11), notice is hereby given of the United States intent to offer into evidence certified domestic records of regularly conducted activity. The records are those materials for which there are certificates of regularly conducted activity, copies of which have been compiled in the "Certificates" subfolder in Folder 9 – Other Materials.

        Respectfully submitted,

        MICHAEL B. STUART
        United States Attorney

By:
    s/Philip H. Wright____
    Philip H. Wright
    Assistant United States Attorney
    WV Bar No. 7106
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone:  304-345-2200
    Fax: 304-347-5104
    Email:  philip.wright@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY, AND NOTICE OF THE UNITED STATES INTENT TO OFFER EVIDENCE OF RECORDS OF REGULARLY CONDUCTED ACTIVITY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2018, to:

>John A. Carr, Esq.
>John A. Carr Attorney at Law, PLLC
>179 Summers Street, Suite 209
>Charleston, WV 25301

>>s/Philip H. Wright____
>>Philip H. Wright
>>Assistant United States Attorney
>>WV Bar No. 7106
>>300 Virginia Street, East
>>Room 4000
>>Charleston, WV 25301
>>Telephone:  304-345-2200
>>Fax: 304-347-5104
>>Email:  philip.wright@usdoj.gov