# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.                                      CRIMINAL NO. 2:18-cr-00134

**ALLEN H. LOUGHRY II**

### SUPPLEMENTAL RESPONSE OF THE UNITED STATES TO DEFENDANT'S STANDARD DISCOVERY REQUESTS; REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY; AND NOTICE OF INTENT TO OFFER CERTIFIED RECORDS UNDER FED. R. EVID. 902(11) OR 902(13)

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1 of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on June 22, 2018, the United States of America, by counsel, supplements its response to defendant's Standard Discovery Request as follows:

**Preliminary Response:** Pursuant to this Supplemental Response, the United States provides materials contained on a flash-drive device, in the following folders:

1. Request B-Defendant's Statements.
2. Request E-Anticipated Trial Exhibits
3. Request H–Favorable Information
4. Request I–404(b)
5. Other Materials

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** Folder 1 contains two recordings of voice mail messages left by defendant Loughry on the phone of a Special Agent of the FBI on February 15 and 19, 2018, and three text messages exchanged between defendant Loughry and the Special Agent on February 16 and 20, 2018. Folder 1 also contains a statement by defendant Loughry issued by the Supreme Court on February 16, 2018. Finally, Folder 1 contains a 302 reporting what defense counsel stated to an FBI Special Agent about defendant Loughry's use of a state vehicle during a trip to American University. The United States does not intend to introduce the statement unless defendant Loughry denies or otherwise introduces evidence to contradict his use of a state (Supreme Court) vehicle during the trip to American University.

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** See Folder 2, which contains Grand Jury Exhibits 55-63, records produced voluntarily by the Supreme Court of Appeals of West Virginia, and other items.

The United States may introduce evidence concerning cell-tower location data from cellular telephone calls by defendant Loughry on his mobile phone during relevant periods charged in the indictment, that is, times when he traveled in a Supreme Court vehicle for personal use. The United States may introduce evidence through (i) the records of New Cingular Wireless (already produced), relevant portions of which will have been exported into "keyhole markup language" (kml) files or "keyhole markup language zipped" (kmz) files; (ii) the kml and kmz files; (iii) the testimony of a government agent, who will have applied the location data in the kml or kmz files to the program Google Earth; and (iv) presentation of Google Earth images with the cell tower

location data applied to them. The kml and kmz files will be produced to defense counsel as soon as they are available.

**Request G:   Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:**   The United States may introduce testimony of a government agent or representative of New Cingular Wireless to explain how cellular telephones, networks, and cell towers operate, the coverage area of cell towers, and cell-site location data. The witness's qualifications and any relevant reports will be produced as soon as they are available.

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** Without conceding that any of the material provided in Folder 3 – "Request H- Favorable Information" is in fact exculpatory, or that all of the materials contained therein constitute admissible evidence for impeachment purposes, the United States provides specific materials in that folder which may be deemed favorable by the defense. In addition, the United States notes that various witnesses may have provided information revealed in memoranda of interview or grand jury testimony, which are included in the folder named "Other Materials" and which may be deemed favorable for impeachment purposes.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** (1) The United States may introduce evidence that after defendant Loughry became a Justice he received two desktop computers from the Supreme Court for use in his home. One was set up in a home office while the second computer was set up near the kitchen for family use. The computer in the home office had virtual private network (VPN) installed which allowed defendant Loughry to access the Supreme Court's computer network from his home. The computer near the kitchen did not have VPN installed and therefore could not be used to access the Supreme Court's network. Defendant Loughry arranged for the Supreme Court to set up local computer accounts for defendant Loughry's wife and son; the accounts permitted them to save documents and files on the computer.

Furthermore, on several occasions from 2013-2017, a Supreme Court employee repaired or otherwise provided services on the computers. The employee observed that the contents of the computer near the kitchen consisted primarily of family photographs under the account of defendant Loughry's wife and computer games under the account of defendant Loughry's son. The original hard drive on that computer had a capacity of 320 to 500 gigabytes. As the computer hard drive filled up with data/files, the Supreme Court employee performed certain functions to compress files and create storage space. Eventually defendant Loughry requested a larger hard drive on the computer near the kitchen. As a result, the Supreme Court ordered a 2-terabyte computer, which the employee installed in approximately 2015. The Supreme Court employee transferred the contents of the original hard drive to the 2-terabyte hard drive. A memorandum of interview contained in Folder 4 – "Request I-404(b)" contains amplifying information about the foregoing.

(2) Folder 4 also contains an affidavit, relating to defendant Loughry's misrepresentations about his involvement in the renovation/refurbishment of his chambers at the Supreme Court. See Response of the United States to Defendant's Standard Discovery Requests (ECF-18), p. 8.

**Other Materials:** See Folder 5, which contains subfolders "Miscellaneous" and "MOIs."

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

## REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant Loughry provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant Loughry in his Standard Discovery Requests.

## NOTICE OF THE UNITED STATES INTENT TO OFFER CERTIFIED RECORDS UNDER FED. R. EVID. 902(11) OR 902(13)

The United States intends to introduce the records of New Cingular Wireless (already produced), pursuant to Fed. R. Evid. 902(11) or 902(13). The United States will produce the certification referred to in those rules as soon as it is available.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


By: s/Philip H. Wright
     PHILIP H. WRIGHT
     Assistant United States Attorney
     WV State Bar No. 7106
     300 Virginia Street East
     Room 4000
     Charleston, WV  25301
     Telephone:  304-345-2200
     Fax:  304-347-5104
     Email: philip.wright@usdoj.gov

# CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SUPPLEMENTAL RESPONSE OF THE UNITED STATES TO DEFENDANT'S STANDARD DISCOVERY REQUESTS; REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY; AND NOTICE OF INTENT TO OFFER CERTIFIED RECORDS UNDER FED. R. EVID. 902(11) OR 902(13)" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 30th day of July, 2018, to:

>John A. Carr, Esq.
>John A. Carr Attorney at Law, PLLC
>179 Summers Street, Suite 209
>Charleston, WV 25301

>s/Philip H. Wright
>Philip H. Wright
>Assistant United States Attorney
>WV Bar No. 7106
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: philip.wright@usdoj.gov