**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:18-cr-00134

ALLEN H. LOUGHRY II

**UNITED STATES NOTICE OF INTENT
TO INTRODUCE SUMMARY CHARTS**

The United States intends to introduce summary charts as evidence under Fed. R. Evid. 1006 at the trial in this case. Specifically, the charts will include:

- A chart entitled, "Information on State Vehicle/Fuel Card Usage – No Destination Recorded or No Reservation."

- A chart entitled, "Information on State Vehicle Usage – Destination Recorded or Expense Account Filed."

The two charts summarize voluminous information from different sources. For example, the first chart comprises information from the vehicle reservation records used by the West Virginia Supreme Court of Appeals (the "Supreme Court"); defendant Loughry's personal calendars; records of the West Virginia Parkways Authority for E-ZPass® transponders assigned to the Supreme Court; fuel card records from the issuer, WEX, Inc.; defendant Loughry's credit card records from JPMorgan Chase Bank; and copies of checks issued by the State of West Virginia to pay for fuel. The United States has provided copies of the charts to defense counsel. The second chart comprises information from the Supreme Court's vehicle reservation records, defendant Loughry's personal calendars, and expense account records related to defendant Loughry's official travel.

The information summarized on the charts is relevant to establishing defendant Loughry's guilt on Counts 4-18 of the Second Superseding Indictment (the "Indictment"), and as described in paragraphs 26-31 of the Indictment. The United States has provided copies of the charts to defense counsel.

The use of summary charts is approved and encouraged, especially when there are numerous documents or other items being summarized. *See*, *e.g., United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997). "Summary charts are admissible if they aid the jury in ascertaining the truth. The complexity and length of the case as well as the numbers of witnesses and exhibits are considered in making that determination." *Id.* (citation omitted). In contrast to traditional demonstrative evidence, such charts and summaries are themselves the evidence. *See*, *e.g., United States v. Nivica,* 887 F.2d 1110, 1125-26 (1st Cir. 1989) (summaries of banking activities); *United States v. Massachusetts Maritime Acad.* 762 F.2d 142, 157 (1st Cir. 1985) (summaries of the academy's applicant files).

After admission under Rule 1006, the charts and summaries are evidence. The jury may consider them during jury deliberations like any other piece of evidence. *United States v. Koskerides*, 877 F.2d 1129, 1134 (2d Cir. 1989). The chart or summary must be based on admissible evidence, but the underlying documents or items need not be actually admitted. *United States v. Strissel*, 920 F.2d 1162, 1164 (4th Cir. 1990). The underlying documents must be made available for inspection by the other party. *Id.* In this case, all summaries or charts the United States will seek to introduce will be based on documents turned over or made available for inspection by defendant Loughry.

Although the chart or summary must accurately and fairly reflect the contents of the documents and testimony being summarized, there is no requirement that a chart include the

opponent's version of the evidence or his theory of the case. *United States v. Ambrosiani*, 610 F.2d 65, 68 n.2 (1st Cir. 1979); *Myers v. United States,* 356 F.2d 469, 470 (5th Cir. 1966). Moreover, copies of the summaries may be used during the testimony concerning them. *Myers*, 356 F.2d at 470. And the headings and captions on the summary chart may be grounded on assumptions about the underlying evidence, so long as the chart, and the assumptions in it, remain a summary of evidence.*United States v. Diez,* 515 F.2d 892, 905 (5th Cir. 1975). In light of this, the proponent of the chart has wide latitude in constructing charts.[1]

Also, the United States may use the summary charts during its opening statement. When a chart used to accompany an opening statement does no more than assist the jury in understanding the proof they are about to hear, use of charts should be permitted. *See United States v. Churchill*, 483 F.2d 268, 274 (1st Cir. 1973); *United States v. Rubino*, 431 F.2d 284, 289-90 (6th Cir. 1970).

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


By: s/Philip H. Wright
PHILIP H. WRIGHT
Assistant United States Attorney
WV State Bar No. 7106
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: philip.wright@usdoj.gov

---

[1] *United States v. Lacob*, 416 F.2d 756, 762 (7th Cir. 1969) (chart upheld which used caption or heading "Total Net Unreported Income"); *Diez,* 515 F.2d at 905 (chart upheld which used caption or heading "Schedule of Sales, Net Taxable Gains to Peter A. Palori And Amounts Not Reported Or Taxable Gain Reported by Others"); *United States v. Smyth*,556 F.2d 1179, 1182-84 (5th Cir. 1977)(chart upheld which used caption or heading "falsified data" and "difference between original/false.")

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES NOTICE OF INTENT TO INTRODUCE SUMMARY CHARTS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 14th day of September, 2018, to:

> John A. Carr, Esq.
> John A. Carr Attorney at Law, PLLC
> 179 Summers Street, Suite 209
> Charleston, WV 25301

> s/Philip H. Wright
> Philip H. Wright
> Assistant United States Attorney
> WV Bar No. 7106
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email: philip.wright@usdoj.gov