EXHIBIT A

Case 2:18-cr-00134   Document 56-1   Filed 09/26/18   Page 2 of 55 PageID #: 550



# Code of Judicial Conduct

Search   Search

# Code of Judicial Conduct

**NOTE:** The Code of Judicial Conduct in West Virginia was adopted by order entered October 21, 1992, and became effective January 1, 1993. By order issued November 12, 2015, the Court approved revisions to the West Virginia Code of Judicial Conduct, after two separate periods of public comment.

**The Clerk's Notes are provided to alert the reader to the general nature of the changes**

## TABLE OF CONTENTS

**Preamble**

**Scope**

**Terminology**

**Application**

   **I.**  Applicability of this Code

   **II.**  Retired Judges

   **III.**  Continuing Part-Time Judges

   **IV.**  Periodic Part-Time Judges

   **V.**  Pro Tempore Part-Time Judges

   **VI.**  Time for Compliance

**Canon 1**

  **A Judge Shall Uphold And Promote The Independence, Integrity, And Impartiality Of The Judiciary, And Shall Avoid Impropriety And The Appearance Of Impropriety.**

  **Rule 1.1**  Compliance With the Law

  **Rule 1.2**  Confidence in the Judiciary

**Rule 1.3**   Avoiding Abuse of the Prestige of Judicial Office

## Canon 2

### A Judge Shall Perform The Duties Of Judicial Office Impartially, Competently, And Diligently.

**Rule 2.1**   Giving Precedence to the Duties of Judicial Office

**Rule 2.2**   Impartiality and Fairness

**Rule 2.3**   Bias, Prejudice, and Harassment

**Rule 2.4**   External Influences on Judicial Conduct

**Rule 2.5**   Competence, Diligence, and Cooperation

**Rule 2.6**   Ensuring the Right to be Heard

**Rule 2.7**   Responsibility to Decide

**Rule 2.8**   Decorum, Demeanor, and Communication with Jurors

**Rule 2.9**   Ex Parte Communications

**Rule 2.10**   Judicial Statements on Pending and Impending Cases

**Rule 2.11**   Disqualification

**Rule 2.12**   Supervisory Duties

**Rule 2.13**   Administrative Appointments

**Rule 2.14**   Disability and Impairment

**Rule 2.15**   Responding to Judicial and Lawyer Misconduct

**Rule 2.16**   Cooperation with Disciplinary Authorities

## Canon 3

### A Judge Shall Conduct The Judge's Personal And Extrajudicial Activities To Minimize The Risk Of Conflict With The Obligations Of Judicial Office.

**Rule 3.1**   Extrajudicial Activities in General

**Rule 3.2**   Appearance Before Governmental Bodies and Consultation with Government Officials

**Rule 3.3**   Testifying as a Character Witness

**Rule 3.4**   Appointments to Governmental Positions

**Rule 3.5**   Use of Nonpublic Information

**Rule 3.6**   Affiliation with Discriminatory Organizations

**Rule 3.7**   Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities

**Rule 3.8**   Appointments to Fiduciary Positions

**Rule 3.9**   Service as Arbitrator or Mediator

**Rule 3.10**   Practice of Law

**Rule 3.11**   Financial, Business, or Remunerative Activities

**Rule 3.12**   Compensation for Extrajudicial Activities

**Rule 3.13**   Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value

**Rule 3.14**   Reimbursement of Expenses and Waivers of Fees or Charges

**Rule 3.15**   Reporting Requirements

## Canon 4

**A Judge Or Candidate For Judicial Office Shall Not Engage In Political Or Campaign Activity That Is Inconsistent With The Independence, Integrity, Or Impartiality Of The Judiciary.**

**Rule 4.1**   Political and Campaign Activities of Judges and Judicial Candidates in General

**Rule 4.2**   Political and Campaign Activities of Judicial Candidates in Public Elections

**Rule 4.3**   Activities of Candidates for Appointive Judicial Office

**Rule 4.4**   Campaign Committees

**Rule 4.5**   Activities of Judges Who Become Candidates for Nonjudicial Office



## Code of Judicial Conduct

Search    Search

# Code of Judicial Conduct: Preliminary Matters

**TABLE OF CONTENTS**                          **Full Table of Contents**

**Preamble**

**Scope**

**Terminology**

**Application**

   I.   Applicability of this Code

   II.   Retired Judges

   III.  Continuing Part-Time Judges

   IV.  Periodic Part-Time Judges

   V.  Pro Tempore Part-Time Judges

   VI.  Time for Compliance

## Preamble

[1] An independent, fair and impartial judiciary is indispensable to our system of justice. The United States legal system is based upon the principle that an independent, impartial, and competent judiciary, composed of men and women of integrity, will interpret and apply the law that governs our society. Thus, the judiciary plays a central role in preserving the principles of justice and the rule of law. Inherent in all the Rules contained in this Code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system.

[2] Judges should maintain the dignity of judicial office at all times, and avoid both impropriety and the appearance of impropriety in their professional and personal lives. They should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.

**[3]** The West Virginia Code of Judicial Conduct establishes standards for the ethical conduct of judges and judicial candidates. It is not intended as an exhaustive guide for the conduct of judges and judicial candidates, who are governed in their judicial and personal conduct by general ethical standards as well as by the Code. The Code is intended, however, to provide guidance and assist judges in maintaining the highest standards of judicial and personal conduct, and to provide a basis for regulating their conduct through disciplinary agencies.

---

**Clerk's Notes on Preamble**

The new Preamble is patterned after the Preamble to the 2007 Model Code of Judicial Conduct ("2007 Model Code", "Model Code", or "Model Rules"). It serves the limited purpose of describing the general objectives of the Code, while the new Scope section includes how the Code operates and is enforced.

## Scope

**[1]** The West Virginia Code of Judicial Conduct consists of four Canons, numbered Rules under each Canon, and Comments that generally follow and explain each Rule. Scope and Terminology sections provide additional guidance in interpreting and applying the Code. An Application section establishes when the various Rules apply to a judge or judicial candidate.

**[2]** The Canons state overarching principles of judicial ethics that all judges must observe. Although a judge may be disciplined only for violating a Rule, the Canons provide important guidance in interpreting the Rules. Where a Rule contains a permissive term, such as "may" or "should," the conduct being addressed is committed to the personal and professional discretion of the judge or candidate in question, and no disciplinary action should be taken for action or inaction within the bounds of such discretion.

**[3]** The Comments that accompany the Rules serve two functions. First, they provide guidance regarding the purpose, meaning, and proper application of the Rules. They contain explanatory material and, in some instances, provide examples of permitted or prohibited conduct. Comments neither add to nor subtract from the binding obligations set forth in the Rules. Therefore, when a Comment contains the term "must," it does not mean that the Comment itself is binding or enforceable; it signifies that the Rule in question, properly understood, is obligatory as to the conduct at issue.

**[4]** Second, the Comments identify aspirational goals for judges. To implement fully the principles of this Code as articulated in the Canons, judges should strive to exceed the standards of conduct established by the Rules, holding themselves to the highest ethical standards and seeking to achieve those aspirational goals, thereby enhancing the dignity of the judicial office.

**[5]** The Rules of the West Virginia Code of Judicial Conduct are rules of reason that should be applied consistent with constitutional requirements, statutes, other court rules, decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence of judges in making judicial decisions.

**[6]** Although the black letter of the Rules is binding and enforceable, it is not contemplated that every transgression will result in the imposition of discipline. Whether discipline should

be imposed should be determined through a reasonable and reasoned application of the Rules, and should depend upon factors such as the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system or others.

**[7]** The Code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court.

---

**Clerk's Notes on Scope**

The new Scope section is based entirely on the 2007 Model Code, with much of the content taken from the Preamble to the 1990 Model Code. The Scope section discusses the relationship between the Canons and the Rules, providing that the Rules alone now contain the enforceable standards for which judges may be disciplined.

# Terminology

The first time any term listed below is used in a Rule in its defined sense, it is followed by an asterisk (*).

**"Appropriate authority"** means the authority having responsibility for initiation of disciplinary process in connection with the violation to be reported. See Rules 2.14 and 2.15.

**"Contribution"** means both financial and in-kind contributions, such as goods, professional or volunteer services, advertising, and other types of assistance, which, if obtained by the recipient otherwise, would require a financial expenditure. See Rules 2.11, 2.13, 3.7, 4.1, and 4.4.

**"De minimis,"** in the context of interests pertaining to disqualification of a judge, means an insignificant interest that could not raise a reasonable question regarding the judge's impartiality. See Rule 2.11.

**"Domestic partner"** means a person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married. See Rules 2.11, 2.13, 3.13, and 3.14.

**"Economic interest"** means ownership of more than a de minimis legal or equitable interest. Except for situations in which the judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

> **(1)** an interest in the individual holdings within a mutual or common investment fund;

> **(2)** an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, an officer, an advisor, or other participant

**(3)** a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

**(4)** an interest in the issuer of government securities held by the judge. See Rules 1.3 and 2.11.

**"Fiduciary"** includes relationships such as executor, administrator, trustee, or guardian. See Rules 2.11, 3.2, and 3.8.

**"Impartial," "impartiality,"** and **"impartially"** mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge. See Canons 1, 2, and 4, and Rules 1.2, 2.2, 2.10, 2.11, 2.13, 3.1, 3.12, 3.13, 4.1, and 4.2.

**"Impending matter"** is a matter that is imminent or expected to occur in the near future. See Rules 2.9, 2.10, 3.13, and 4.1.

**"Impropriety"** includes conduct that violates the law, court rules, or provisions of this Code, and conduct that undermines a judge's independence, integrity, or impartiality. See Canon 1 and Rule 1.2.

**"Independence"** means a judge's freedom from influence or controls other than those established by law. See Canons 1 and 4, and Rules 1.2, 3.1, 3.12, 3.13, and 4.2.

**"Integrity"** means probity, fairness, honesty, uprightness, and soundness of character. See Canons 1 and 4, and Rules 1.2, 3.1, 3.12, 3.13, and 4.2.

**"Judicial candidate"** means any person, including a sitting judge, who is seeking selection for or retention in judicial office by election or appointment. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election or appointment authority, authorizes or, where permitted, engages in solicitation or acceptance of contributions or support, or is nominated for election or appointment to office. See Rules 2.11, 4.1, 4.2, and 4.4.

**"Knowingly," "knowledge," "known,"** and **"knows"** mean actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances. See Rules 2.11, 2.13, 2.15, 2.16, 3.6, and 4.1.

**"Law"** encompasses court rules as well as statutes, constitutional provisions, and decisional law. See Rules 1.1, 2.1, 2.2, 2.6, 2.7, 2.9, 3.1, 3.4, 3.9, 3.12, 3.13, 3.14, 3.15, 4.1, 4.2, 4.4, and 4.5.

**"Member of the candidate's family"** means a spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the candidate maintains a close familial relationship.

**"Member of the judge's family"** means a spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship. See Rules 3.7, 3.8, 3.10, and 3.11.

**"Member of a judge's family residing in the judge's household"** means any relative of a judge by blood or marriage, or a person treated by a judge as a member of the judge's family, who resides in the judge's household. See Rules 2.11 and 3.13.

**"Nepotism"** means, unless otherwise defined by law, the appointment or hiring of any relative within the third degree of relationship of either the judge or the judge's spouse or domestic partner, or the spouse or domestic partner of such relative.

**"Nonpublic information"** means information that is not available to the public. Nonpublic information may include, but is not limited to, information that is sealed by statute or court order or impounded or communicated in camera, and information offered in grand jury proceedings, presentencing reports, dependency cases, or psychiatric reports. See Rule 3.5.

**"Pending matter"** is a matter that has commenced. A matter continues to be pending through any appellate process until final disposition. See Rules 2.9, 2.10, 3.13, and 4.1.

**"Personally solicit"** means a direct request made by a judge or a judicial candidate for financial support or in-kind services, whether made by letter, telephone, or any other means of communication. See Rule 4.1.

**"Political organization"** means a political party or other group sponsored by or affiliated with a political party or candidate, the principal purpose of which is to further the election or appointment of candidates for political office. For purposes of this Code, the term does not include a judicial candidate's campaign committee created as authorized by Rule 4.4. See Rules 4.1 and 4.2.

**"Public election"** includes primary and general elections, partisan elections, nonpartisan elections, and retention elections. See Rules 4.2 and 4.4.

**"Third degree of relationship"** includes the following persons: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece. See Rule 2.11.

---

**Clerk's Notes on Terminology**

The Terminology section is based on the 2007 Model Code with the exception of the term "aggregate" and the term "nepotism." The term "aggregate" is used in certain of the campaign finance provisions in Canon 4 of the Model Code that are not recommended for adoption, so it is not necessary to include it as a defined term. Nepotism is defined in Rule 2.13, but not included in the Terminology section of the Model Code, so it was added for completeness.

# Application

The Application section establishes when the various Rules apply to a judge or judicial candidate.

### I. Applicability of this Code

#### (A)

Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including but not limited to Justices of the Supreme Court of Appeals, Circuit Judges, Family Court Judges, Magistrates, Mental Hygiene Commissioners, Juvenile Referees, Special Commissioners and Special Masters, is a judge within the meaning of the Code.

**(B)**All judges shall comply with this Code except as provided below. All judicial candidates for judicial office shall comply with the applicable provisions of this Code.

**COMMENT**

[1] For the purposes of this Canon, as long as a retired judge is subject to recall, the judge is considered to "perform judicial functions." The determination of which category and, accordingly, which specific Code provisions apply to an individual judicial officer, depend upon the facts of the particular judicial service.

[2] The Code does not apply to an administrative law judge, hearing examiner, or similar officer within the executive branch of government, or to municipal judges.

## II. Retired Judges

**(A)**A retired judge admitted to senior status but who does not engage in the practice of law is not required to comply with Rule 3.8.

**(B)**A retired judge admitted to senior status but who engages in limited law practice is not required to comply with Rules 3.8 and 3.10.

**(C)**A retired judge not admitted to senior status but who is recalled for specific cases or specific periods of service shall be deemed a pro tempore part-time judge subject to Application V.

**(D)**A retired judge, whether or not admitted to senior status and whether or not engaging in law practice, may be employed as a mediator or an arbitrator notwithstanding the provisions of Rule 3.9.

## III. Continuing Part-Time Judges

A judge who serves repeatedly on a part-time basis by election or under a continuing appointment, such as a mental hygiene commissioner,

**(A)**is not required to comply

(1) except while serving as a judge, with Rules 2.10 and 4.1(A); and

(2) at any time with Rules 3.8(A), 3.9, 3.10, 3.11(B), 3.12, and 3.15.

**(B)**may practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, but

shall not act as a lawyer in a proceeding in which the judge has served as a judge in any other proceeding related thereto, or in any matter involving the same subject-matter jurisdiction.

**COMMENT**

[1] A part-time Mental Hygiene Commissioner shall not represent a person in any mental hygiene matters or serve as an attorney in any proceeding related to a case in which he or she has served as a Mental Hygiene Commissioner. A Juvenile Referee may not represent a person in any juvenile matter or serve as an attorney in any proceeding related to a case in which he or she has served as a Juvenile Referee.

[2] When a person who has been a continuing part-time judge is no longer a continuing part-time judge, including a retired judge no longer subject to recall, that person may not act as a lawyer in a proceeding in which he or she has served as a judge.

## IV. Periodic Part-Time Judge

A periodic part-time judge who serves or expects to serve repeatedly on a part-time basis, but under a separate appointment for each limited period of service or for each matter,

**(A)** is not required to comply:

**(1)** except while serving as a judge, with Rule 4.1(A); or\

**(2)** at any time with Rules 3.4, 3.8(A), 3.9, 3.10, and 3.11(B);

**(B)** shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

## V. Pro Tempore Part-Time Judge

A pro tempore part-time judge who serves or expects to serve once or only sporadically on a part-time basis under a separate appointment for each period of service or for each case heard is not required to comply:

**(A)** except while serving as a judge, with Rules 2.4, 3.2, and 4.1(A); or

**(B)** at any time with Rules 3.4, 3.8(A), 3.9, 3.10, and 3.11(B).

## VI. Time for Compliance

A person to whom this Code becomes applicable shall comply immediately with its provisions, except that those judges to whom Rules 3.8 and 3.11 apply shall comply

with those Rules as soon as reasonably possible, but in no event later than one year after the Code becomes applicable to the judge.

### COMMENT

[1] If serving as a fiduciary when selected as judge, a new judge may, notwithstanding the prohibitions in Rule 3.8, continue to serve as fiduciary, but only for that period of time necessary to avoid serious adverse consequences to the beneficiaries of the fiduciary relationship and in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Rule 3.11, continue in that activity for a reasonable period but in no event longer than one year.

### Clerk's Notes on Application

The Application section is a blend of the 2007 Model Code and provisions that are specific to West Virginia. Parts I, II, and III are based largely on provisions specific to West Virginia, while parts IV through VI are based largely on the 2007 Model Code, with some revisions.



Case 2:18-cr-00134   Document 56-1   Filed 09/26/18   Page 13 of 55 PageID #: 561



**WEST VIRGINIA JUDICIARY**

## Code of Judicial Conduct

Search    Search

# Code of Judicial Conduct: Preliminary Matters

**TABLE OF CONTENTS**                    **Full Table of Contents**

**Preamble**

**Scope**

**Terminology**

**Application**

   I.   Applicability of this Code

   II.   Retired Judges

   III.  Continuing Part-Time Judges

   IV.  Periodic Part-Time Judges

   V.   Pro Tempore Part-Time Judges

   VI.  Time for Compliance

## Preamble

[1] An independent, fair and impartial judiciary is indispensable to our system of justice. The United States legal system is based upon the principle that an independent, impartial, and competent judiciary, composed of men and women of integrity, will interpret and apply the law that governs our society. Thus, the judiciary plays a central role in preserving the principles of justice and the rule of law. Inherent in all the Rules contained in this Code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system.

[2] Judges should maintain the dignity of judicial office at all times, and avoid both impropriety and the appearance of impropriety in their professional and personal lives. They should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.

**[3]** The West Virginia Code of Judicial Conduct establishes standards for the ethical conduct of judges and judicial candidates. It is not intended as an exhaustive guide for the conduct of judges and judicial candidates, who are governed in their judicial and personal conduct by general ethical standards as well as by the Code. The Code is intended, however, to provide guidance and assist judges in maintaining the highest standards of judicial and personal conduct, and to provide a basis for regulating their conduct through disciplinary agencies.

---

**Clerk's Notes on Preamble**

The new Preamble is patterned after the Preamble to the 2007 Model Code of Judicial Conduct ("2007 Model Code", "Model Code", or "Model Rules"). It serves the limited purpose of describing the general objectives of the Code, while the new Scope section includes how the Code operates and is enforced.

## Scope

**[1]** The West Virginia Code of Judicial Conduct consists of four Canons, numbered Rules under each Canon, and Comments that generally follow and explain each Rule. Scope and Terminology sections provide additional guidance in interpreting and applying the Code. An Application section establishes when the various Rules apply to a judge or judicial candidate.

**[2]** The Canons state overarching principles of judicial ethics that all judges must observe. Although a judge may be disciplined only for violating a Rule, the Canons provide important guidance in interpreting the Rules. Where a Rule contains a permissive term, such as "may" or "should," the conduct being addressed is committed to the personal and professional discretion of the judge or candidate in question, and no disciplinary action should be taken for action or inaction within the bounds of such discretion.

**[3]** The Comments that accompany the Rules serve two functions. First, they provide guidance regarding the purpose, meaning, and proper application of the Rules. They contain explanatory material and, in some instances, provide examples of permitted or prohibited conduct. Comments neither add to nor subtract from the binding obligations set forth in the Rules. Therefore, when a Comment contains the term "must," it does not mean that the Comment itself is binding or enforceable; it signifies that the Rule in question, properly understood, is obligatory as to the conduct at issue.

**[4]** Second, the Comments identify aspirational goals for judges. To implement fully the principles of this Code as articulated in the Canons, judges should strive to exceed the standards of conduct established by the Rules, holding themselves to the highest ethical standards and seeking to achieve those aspirational goals, thereby enhancing the dignity of the judicial office.

**[5]** The Rules of the West Virginia Code of Judicial Conduct are rules of reason that should be applied consistent with constitutional requirements, statutes, other court rules, decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence of judges in making judicial decisions.

**[6]** Although the black letter of the Rules is binding and enforceable, it is not contemplated that every transgression will result in the imposition of discipline. Whether discipline should

be imposed should be determined through a reasonable and reasoned application of the Rules, and should depend upon factors such as the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system or others.

**[7]** The Code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court.

---

**Clerk's Notes on Scope**

The new Scope section is based entirely on the 2007 Model Code, with much of the content taken from the Preamble to the 1990 Model Code. The Scope section discusses the relationship between the Canons and the Rules, providing that the Rules alone now contain the enforceable standards for which judges may be disciplined.

# Terminology

The first time any term listed below is used in a Rule in its defined sense, it is followed by an asterisk (*).

**"Appropriate authority"** means the authority having responsibility for initiation of disciplinary process in connection with the violation to be reported. See Rules 2.14 and 2.15.

**"Contribution"** means both financial and in-kind contributions, such as goods, professional or volunteer services, advertising, and other types of assistance, which, if obtained by the recipient otherwise, would require a financial expenditure. See Rules 2.11, 2.13, 3.7, 4.1, and 4.4.

**"De minimis,"** in the context of interests pertaining to disqualification of a judge, means an insignificant interest that could not raise a reasonable question regarding the judge's impartiality. See Rule 2.11.

**"Domestic partner"** means a person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married. See Rules 2.11, 2.13, 3.13, and 3.14.

**"Economic interest"** means ownership of more than a de minimis legal or equitable interest. Except for situations in which the judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

> **(1)** an interest in the individual holdings within a mutual or common investment fund;

> **(2)** an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, an officer, an advisor, or other participant;

Case 2:18-cr-00134   Document 56-1   Filed 09/26/18   Page 16 of 55 PageID #: 564

**(3)** a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

**(4)** an interest in the issuer of government securities held by the judge. See Rules 1.3 and 2.11.

**"Fiduciary"** includes relationships such as executor, administrator, trustee, or guardian. See Rules 2.11, 3.2, and 3.8.

**"Impartial," "impartiality,"** and **"impartially"** mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge. See Canons 1, 2, and 4, and Rules 1.2, 2.2, 2.10, 2.11, 2.13, 3.1, 3.12, 3.13, 4.1, and 4.2.

**"Impending matter"** is a matter that is imminent or expected to occur in the near future. See Rules 2.9, 2.10, 3.13, and 4.1.

**"Impropriety"** includes conduct that violates the law, court rules, or provisions of this Code, and conduct that undermines a judge's independence, integrity, or impartiality. See Canon 1 and Rule 1.2.

**"Independence"** means a judge's freedom from influence or controls other than those established by law. See Canons 1 and 4, and Rules 1.2, 3.1, 3.12, 3.13, and 4.2.

**"Integrity"** means probity, fairness, honesty, uprightness, and soundness of character. See Canons 1 and 4, and Rules 1.2, 3.1, 3.12, 3.13, and 4.2.

**"Judicial candidate"** means any person, including a sitting judge, who is seeking selection for or retention in judicial office by election or appointment. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election or appointment authority, authorizes or, where permitted, engages in solicitation or acceptance of contributions or support, or is nominated for election or appointment to office. See Rules 2.11, 4.1, 4.2, and 4.4.

**"Knowingly," "knowledge," "known,"** and **"knows"** mean actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances. See Rules 2.11, 2.13, 2.15, 2.16, 3.6, and 4.1.

**"Law"** encompasses court rules as well as statutes, constitutional provisions, and decisional law. See Rules 1.1, 2.1, 2.2, 2.6, 2.7, 2.9, 3.1, 3.4, 3.9, 3.12, 3.13, 3.14, 3.15, 4.1, 4.2, 4.4, and 4.5.

**"Member of the candidate's family"** means a spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the candidate maintains a close familial relationship.

**"Member of the judge's family"** means a spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship. See Rules 3.7, 3.8, 3.10, and 3.11.

**"Member of a judge's family residing in the judge's household"** means any relative of a judge by blood or marriage, or a person treated by a judge as a member of the judge's family, who resides in the judge's household. See Rules 2.11 and 3.13.

**"Nepotism"** means, unless otherwise defined by law, the appointment or hiring of any relative within the third degree of relationship of either the judge or the judge's spouse or domestic partner, or the spouse or domestic partner of such relative.

**"Nonpublic information"** means information that is not available to the public. Nonpublic information may include, but is not limited to, information that is sealed by statute or court order or impounded or communicated in camera, and information offered in grand jury proceedings, presentencing reports, dependency cases, or psychiatric reports. See Rule 3.5.

**"Pending matter"** is a matter that has commenced. A matter continues to be pending through any appellate process until final disposition. See Rules 2.9, 2.10, 3.13, and 4.1.

**"Personally solicit"** means a direct request made by a judge or a judicial candidate for financial support or in-kind services, whether made by letter, telephone, or any other means of communication. See Rule 4.1.

**"Political organization"** means a political party or other group sponsored by or affiliated with a political party or candidate, the principal purpose of which is to further the election or appointment of candidates for political office. For purposes of this Code, the term does not include a judicial candidate's campaign committee created as authorized by Rule 4.4. See Rules 4.1 and 4.2.

**"Public election"** includes primary and general elections, partisan elections, nonpartisan elections, and retention elections. See Rules 4.2 and 4.4.

**"Third degree of relationship"** includes the following persons: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece. See Rule 2.11.

---

**Clerk's Notes on Terminology**

The Terminology section is based on the 2007 Model Code with the exception of the term "aggregate" and the term "nepotism." The term "aggregate" is used in certain of the campaign finance provisions in Canon 4 of the Model Code that are not recommended for adoption, so it is not necessary to include it as a defined term. Nepotism is defined in Rule 2.13, but not included in the Terminology section of the Model Code, so it was added for completeness.

# Application

The Application section establishes when the various Rules apply to a judge or judicial candidate.

## I. Applicability of this Code

### (A)

Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including but not limited to Justices of the Supreme Court of Appeals, Circuit Judges, Family Court Judges, Magistrates, Mental Hygiene Commissioners, Juvenile Referees, Special Commissioners and Special Masters, is a judge within the meaning of the Code.

**(B)** All judges shall comply with this Code except as provided below. All judicial candidates for judicial office shall comply with the applicable provisions of this Code.

---

**COMMENT**

**[1]** For the purposes of this Canon, as long as a retired judge is subject to recall, the judge is considered to "perform judicial functions." The determination of which category and, accordingly, which specific Code provisions apply to an individual judicial officer, depend upon the facts of the particular judicial service.

**[2]** The Code does not apply to an administrative law judge, hearing examiner, or similar officer within the executive branch of government, or to municipal judges.

## II. Retired Judges

**(A)** A retired judge admitted to senior status but who does not engage in the practice of law is not required to comply with Rule 3.8.

**(B)** A retired judge admitted to senior status but who engages in limited law practice is not required to comply with Rules 3.8 and 3.10.

**(C)** A retired judge not admitted to senior status but who is recalled for specific cases or specific periods of service shall be deemed a pro tempore part-time judge subject to Application V.

**(D)** A retired judge, whether or not admitted to senior status and whether or not engaging in law practice, may be employed as a mediator or an arbitrator notwithstanding the provisions of Rule 3.9.

## III. Continuing Part-Time Judges

A judge who serves repeatedly on a part-time basis by election or under a continuing appointment, such as a mental hygiene commissioner,

**(A)** is not required to comply

    **(1)** except while serving as a judge, with Rules 2.10 and 4.1(A); and

    **(2)** at any time with Rules 3.8(A), 3.9, 3.10, 3.11(B), 3.12, and 3.15.

**(B)** may practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, but

shall not act as a lawyer in a proceeding in which the judge has served as a judge in any other proceeding related thereto, or in any matter involving the same subject-matter jurisdiction.

**COMMENT**

**[1]** A part-time Mental Hygiene Commissioner shall not represent a person in any mental hygiene matters or serve as an attorney in any proceeding related to a case in which he or she has served as a Mental Hygiene Commissioner. A Juvenile Referee may not represent a person in any juvenile matter or serve as an attorney in any proceeding related to a case in which he or she has served as a Juvenile Referee.

**[2]** When a person who has been a continuing part-time judge is no longer a continuing part-time judge, including a retired judge no longer subject to recall, that person may not act as a lawyer in a proceeding in which he or she has served as a judge.

## IV. Periodic Part-Time Judge

A periodic part-time judge who serves or expects to serve repeatedly on a part-time basis, but under a separate appointment for each limited period of service or for each matter,

**(A)** is not required to comply:

**(1)** except while serving as a judge, with Rule 4.1(A); or\

**(2)** at any time with Rules 3.4, 3.8(A), 3.9, 3.10, and 3.11(B);

**(B)** shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

## V. Pro Tempore Part-Time Judge

A pro tempore part-time judge who serves or expects to serve once or only sporadically on a part-time basis under a separate appointment for each period of service or for each case heard is not required to comply:

**(A)** except while serving as a judge, with Rules 2.4, 3.2, and 4.1(A); or

**(B)** at any time with Rules 3.4, 3.8(A), 3.9, 3.10, and 3.11(B).

## VI. Time for Compliance

A person to whom this Code becomes applicable shall comply immediately with its provisions, except that those judges to whom Rules 3.8 and 3.11 apply shall comply

with those Rules as soon as reasonably possible, but in no event later than one year after the Code becomes applicable to the judge.

## COMMENT

[1] If serving as a fiduciary when selected as judge, a new judge may, notwithstanding the prohibitions in Rule 3.8, continue to serve as fiduciary, but only for that period of time necessary to avoid serious adverse consequences to the beneficiaries of the fiduciary relationship and in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Rule 3.11, continue in that activity for a reasonable period but in no event longer than one year.

### Clerk's Notes on Application

The Application section is a blend of the 2007 Model Code and provisions that are specific to West Virginia. Parts I, II, and III are based largely on provisions specific to West Virginia, while parts IV through VI are based largely on the 2007 Model Code, with some revisions.





# Code of Judicial Conduct

Search    Search

# Code of Judicial Conduct: Canon 1

## TABLE OF CONTENTS                          **Full Table of Contents**

**Canon 1**

**A Judge Shall Uphold And Promote The Independence, Integrity, And Impartiality Of The Judiciary, And Shall Avoid Impropriety And The Appearance Of Impropriety.**

**Rule 1.1**    Compliance With the Law

**Rule 1.2**    Confidence in the Judiciary

**Rule 1.3**    Avoiding Abuse of the Prestige of Judicial Office

## Canon 1

### A Judge Shall Uphold And Promote The Independence, Integrity, And Impartiality Of The Judiciary, And Shall Avoid Impropriety And The Appearance Of Impropriety.

### Rule 1.1 Compliance With the Law

A judge shall comply with the law,* including the West Virginia Code of Judicial Conduct.

**Clerk's Notes on Rule 1.1**

Rule 1.1 follows the 2007 Model Code. It replaces former Canon 1A, which contained a number of exhortative pronouncements about what judges "should" do. In keeping with the primary objective of the 2007 Model Code revisions, the new rules are designed to be black-letter statements about what judges "must" do, and such aspirational statements are better suited for the Preamble, where they are now contained.

### Rule 1.2 Confidence in the Judiciary



A judge shall act at all times in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary, and shall avoid impropriety and the appearance of impropriety.

**COMMENT**

[1] Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety. This principle applies to both the professional and personal conduct of a judge.

[2] A judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code.

[3] Conduct that compromises or appears to compromise the independence, integrity, and impartiality of a judge undermines public confidence in the judiciary. Because it is not practicable to list all such conduct, the Rule is necessarily cast in general terms.

[4] Judges should participate in activities that promote ethical conduct among judges and lawyers, support professionalism within the judiciary and the legal profession, and promote access to justice for all.

[5] Actual improprieties include violations of law, court rules or provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.

[6] A judge should initiate and participate in community outreach activities for the purpose of promoting public understanding of and confidence in the administration of justice. In conducting such activities, the judge must act in a manner consistent with this Code.

**Clerk's Notes on Rule 1.2**

Rule 1.2 and its comment are based entirely on the 2007 Model Code.

## Rule 1.3 Avoiding Abuse of the Prestige of Judicial Office

A judge shall not abuse the prestige of judicial office to advance the personal or economic interests* of the judge or others, or allow others to do so.

**COMMENT**

[1] It is improper for a judge to use or attempt to use his or her position to gain personal advantage or deferential treatment of any kind. For example, it would be improper for a judge to allude to his or her judicial status to gain favorable treatment in encounters with traffic officials. Similarly, a judge must not use judicial letterhead to gain an advantage in conducting his or her personal business.

[2] A judge may provide a reference or recommendation for an individual based upon the judge's personal knowledge. The judge may use official letterhead if there is no likelihood that the use of the letterhead would reasonably be perceived as an attempt to exert pressure by reason of the judicial office.

[3] Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees, and by responding to inquiries from such entities concerning the professional qualifications of a person being considered for judicial office.

[4] Special considerations arise when judges write or contribute to publications of for-profit entities, whether related or unrelated to the law. A judge should not permit anyone associated with the publication of such materials to exploit the judge's office in a manner that violates this Rule or other applicable law. In contracts for publication of a judge's writing, the judge should retain sufficient control over the advertising to avoid such exploitation.

**Clerk's Notes on Rule 1.3**



Rule 1.3 and its comment are based entirely on the 2007 Model Code, with one exception. The phrase "if the judge indicates that the reference is personal and" was deleted from the last sentence of Comment [2].





**WEST VIRGINIA JUDICIARY**

# Code of Judicial Conduct

Search    Search

# Code of Judicial Conduct: Canon 2

**TABLE OF CONTENTS**                                    **Full Table of Contents**

**Canon 2**

   **A Judge Shall Perform The Duties Of Judicial Office Impartially, Competently, And Diligently.**

**Rule 2.1**   Giving Precedence to the Duties of Judicial Office

**Rule 2.2**   Impartiality and Fairness

**Rule 2.3**   Bias, Prejudice, and Harassment

**Rule 2.4**   External Influences on Judicial Conduct

**Rule 2.5**   Competence, Diligence, and Cooperation

**Rule 2.6**   Ensuring the Right to be Heard

**Rule 2.7**   Responsibility to Decide

**Rule 2.8**   Decorum, Demeanor, and Communication with Jurors

**Rule 2.9**   Ex Parte Communications

**Rule 2.10**   Judicial Statements on Pending and Impending Cases

**Rule 2.11**   Disqualification

**Rule 2.12**   Supervisory Duties

**Rule 2.13**   Administrative Appointments

**Rule 2.14**   Disability and Impairment

**Rule 2.15**   Responding to Judicial and Lawyer Misconduct

**Rule 2.16**   Cooperation with Disciplinary Authorities

# Canon 2



**A Judge Shall Perform The Duties Of Judicial Office Impartially, Competently, And Diligently.**

---

### Clerk's Notes on Canon 2

Canon 2 is based entirely on the 2007 Model Code.

## Rule 2.1 Giving Precedence to the Duties of Judicial Office

The duties of judicial office, as prescribed by law,* shall take precedence over all of a judge's personal and extrajudicial activities.

---

### COMMENT

[1] To ensure that judges are available to fulfill their judicial duties, judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. See Canon 3.

[2] Although it is not a duty of judicial office unless prescribed by law, judges are encouraged to participate in activities that promote public understanding of and confidence in the justice system.

### Clerk's Note on Rule 2.1

Rule 2.1 and its comment are based entirely on the 2007 Model Code.

## Rule 2.2 Impartiality and Fairness

A judge shall uphold and apply the law,* and shall perform all duties of judicial office fairly and impartially.*

---

### COMMENT

[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.

[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard.

### Clerk's Notes on Rule 2.2

Rule 2.2 and its comment are based entirely on the 2007 Model Code.

## Rule 2.3 Bias, Prejudice, and Harassment

### (A)



A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

**(B)**A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

**(C)**A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.

**(D)**The restrictions of paragraphs (B) and (C) do not preclude judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

---

**COMMENT**

**[1]** A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.

**[2]** Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. A judge must avoid conduct that may reasonably be perceived as prejudiced or biased.

**[3]** Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.

**[4]** Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.

**Clerk's Notes on Rule 2.3**

Rule 2.3 and its comment are based entirely on the 2007 Model Rules, with one exception. The following sentence was deleted from Comment [2]: "Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice."

## Rule 2.4 External Influences on Judicial Conduct

**(A)**A judge shall not be swayed by public clamor or fear of criticism.

**(B)**A judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment.

**(C)**A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.

**COMMENT**

[1] An independent judiciary requires that judges decide cases according to the law and facts, without regard to whether particular laws or litigants are popular or unpopular with the public, the media, government officials, or the judge's friends or family. Confidence in the judiciary is eroded if judicial decision making is perceived to be subject to inappropriate outside influences.

**Clerk's Notes on Rule 2.4**

Rule 2.4 and its comment are based entirely on the 2007 Model Rules.

## Rule 2.5 Competence, Diligence, and Cooperation

**(A)** A judge shall perform judicial and administrative duties, competently and diligently.

**(B)** A judge shall cooperate with other judges and court officials in the administration of court business.

**COMMENT**

[1] Competence in the performance of judicial duties requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office.

[2] A judge should seek the necessary docket time, court staff, expertise, and resources to discharge all adjudicative and administrative responsibilities.

[3] Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court officials, litigants, and their lawyers cooperate with the judge to that end.

[4] In disposing of matters promptly and efficiently, a judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

**Clerk's Notes on Rule 2.5**

Rule 2.5 and its comment are based entirely on the 2007 Model Rules.

## Rule 2.6 Ensuring the Right to be Heard

**(A)** A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.*

**(B)** A judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but shall not act in a manner that coerces any party into settlement.

**COMMENT**



[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.

[2] The judge plays an important role in overseeing the settlement of disputes, but should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. The judge should keep in mind the effect that the judge's participation in settlement discussions may have, not only on the judge's own views of the case, but also on the perceptions of the lawyers and the parties if the case remains with the judge after settlement efforts are unsuccessful. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settlement discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, (6) whether the matter is civil or criminal, and (7) whether the case is pending before a specialized tribunal, such as the Mass Litigation Panel or the Business Court Division.

### Clerk's Notes on Rule 2.6

Rule 2.6 and its comment are based largely on the 2007 Model Rules, with the exception of factor (7) in Comment [2], which is specific to West Virginia. Comment [3] of the Model Rules was deleted.

## Rule 2.7 Responsibility to Decide

A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law.*

### COMMENT

[1] Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts. Unwarranted disqualification may bring public disfavor to the court and to the judge personally. The dignity of the court, the judge's respect for fulfillment of judicial duties, and a proper concern for the burdens that may be imposed upon the judge's colleagues require that a judge not use disqualification to avoid cases that present difficult, controversial, or unpopular issues.

### Clerk's Notes on Rule 2.7

Rule 2.7 and its comment are based entirely on the 2007 Model Rules.

## Rule 2.8 Decorum, Demeanor, and Communication with Jurors

(A) A judge shall require order and decorum in proceedings before the court.

(B) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court staff, court officials, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, court staff, court officials, and others subject to the judge's direction and control.

(C) A judge shall not commend or criticize jurors for their verdict, but may express appreciation to jurors for their service to the judicial system and the community.

Case 2:18-cr-00134   Document 56-1   Filed 09/26/18   Page 29 of 55 PageID #: 577

**COMMENT**

**[1]** The duty to hear all proceedings with patience and courtesy is not inconsistent with the duty imposed in Rule 2.5 to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate.

**[2]** Commending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial in a subsequent case. A court order or opinion specifically addressing a juror's conduct or the jury's findings is not prohibited by Rule 2.8(C).

**[3]** A judge who is not otherwise prohibited by law from doing so may meet with jurors who choose to remain after trial but should be careful not to discuss the merits of the case.

**Clerk's Notes on Rule 2.8**

Rule 2.8(A) and (B) and the comment are based on the 2007 Model Rules, with some modification. Rule 2.8(C) is a modified version of the Model Rule that retains the language from Canon 3B(10) about expressing appreciation to jurors for their service. Language from the Model Rule that would permit a judge to commend or criticize jurors in an order was removed, and a new sentence was added to the end of Comment [2] that allows an order or opinion to address a juror's conduct or a jury's verdict.

## Rule 2.9 Ex Parte Communications

**(A)** A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending* or impending matter,* except as follows:

> **(1)** When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:
>
>> **(a)** the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication; and
>>
>> **(b)** the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.
>
> **(2)** A judge may obtain the written advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives advance notice to the parties of the person to be consulted and the subject matter of the advice to be solicited, and affords the parties a reasonable opportunity to object and respond to the notice and to the advice received.
>
> **(3)** A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter.

**(4)** A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to settle matters pending before the judge.

**(5)** A judge may initiate, permit, or consider any ex parte communication when expressly authorized by law\* to do so.

**(B)** If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

**(C)** A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.

**(D)** A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials, and others subject to the judge's direction and control.

---

**COMMENT**

[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.

[2] Whenever the presence of a party or notice to a party is required by this Rule, it is the party's lawyer, or if the party is unrepresented, the party, who is to be present or to whom notice is to be given.

[3] The proscription against communications concerning a proceeding includes communications with lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted by this Rule.

[4] A judge may initiate, permit, or consider ex parte communications expressly authorized by law, such as when serving on therapeutic or problem-solving courts, mental health courts, or drug courts. In this capacity, judges may assume a more interactive role with parties, treatment providers, probation officers, social workers, and others.

[5] A judge may consult with other judges on pending matters, but must avoid ex parte discussions of a case with judges who have previously been disqualified from hearing the matter, and with judges who have appellate jurisdiction over the matter.

[6] The prohibition against a judge investigating the facts in a matter extends to information available in all mediums, including electronic. Importantly, this provision is not intended to refer to routine court records available from the bench, as long as the records are disclosed to and subject to review by both parties.

[7] A judge may consult ethics advisory committees, outside counsel, or legal experts concerning the judge's compliance with this Code. Such consultations are not subject to the restrictions of paragraph (A)(2).

[8] A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions.

**Clerk's Notes on Rule 2.9**

Rule 2.9 is based entirely on the 2007 Model Rules. The comment is also based upon the 2007 Model Rules, with two additions. The last sentence in Comment [6] was added as a result of public comments. Comment [8] is not part of the Model Rules. Finally, a sentence that was included in Comment [4] as part of the version that was placed for public comment was deleted. That sentence read: "Treatment court judges should not thereafter preside over any subsequent proceeding which results from an involuntary termination from the treatment court, unless the participant signs a voluntary waiver of his or her right to have another judge assigned to any subsequent proceeding."



## Rule 2.10 Judicial Statements on Pending and Impending Cases

**(A)** A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending* or impending* in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing.

**(B)** A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial* performance of the adjudicative duties of judicial office.

**(C)** A judge shall require court staff, court officials, and others subject to the judge's direction and control to refrain from making statements that the judge would be prohibited from making by paragraphs (A) and (B).

**(D)** Notwithstanding the restrictions in paragraph (A), a judge may make public statements in the course of official duties, may explain court procedures, and may comment on any proceeding in which the judge is a litigant in a personal capacity.

**(E)** Subject to the requirements of paragraph (A), a judge may respond directly or through a third party to allegations in the media or elsewhere concerning the judge's conduct in a matter.

---

**COMMENT**

**[1]** This Rule's restrictions on judicial speech are essential to the maintenance of the independence, integrity, and impartiality of the judiciary.

**[2]** This Rule does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity, or represents a client as permitted by these Rules. In cases in which the judge is a litigant in an official capacity, such as a writ of mandamus, the judge must not comment publicly.

**[3]** Depending upon the circumstances, the judge should consider whether it may be preferable for a third party, rather than the judge, to respond or issue statements in connection with allegations concerning the judge's conduct in a matter.

**Clerk's Notes on Rule 2.10**

Rule 2.10 and its comment are based entirely on the 2007 Model Rules.

## Rule 2.11 Disqualification

**(A)** A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

> **(1)** The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.

> **(2)** The judge knows* that the judge, the judge's spouse or domestic partner,* or a person within the third degree of relationship* to

either of them, or the spouse or domestic partner of such a person is: (a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party; (b) acting as a lawyer in the proceeding; (c) a person who has more than a de minimis* interest that could be substantially affected by the proceeding; or (d) likely to be a material witness in the proceeding.

**(3)** The judge knows that he or she, individually or as a fiduciary,* or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household,* has an economic interest* in the subject matter in controversy or is a party to the proceeding.

**(4)** The judge, while a judge or a judicial candidate,* has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

**(5)** The judge: (a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association; (b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy; (c) was a material witness concerning the matter; or (d) previously presided as a judge over the matter in another court.

**(B)** A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic partner and minor children residing in the judge's household.

**(C)** A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

---

**COMMENT**

[1] In many jurisdictions, the term "recusal" is used interchangeably with the term "disqualification."

[2] A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.

**[4]** The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the judge to have an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the judge's disqualification is required.

**[5]** A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

**[6]** "Economic interest," as set forth in the Terminology section, means ownership of more than a de minimis legal or equitable interest. Except for situations in which a judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

    **(1)**   an interest in the individual holdings within a mutual or common investment fund;

    **(2)**   an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, officer, advisor, or other participant;

    **(3)**   a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

    **(4)**   an interest in the issuer of government securities held by the judge.

### Clerk's Notes on Rule 2.11

Rule 2.11 and its comment are based entirely on the 2007 Model Rules, with two exceptions. Model Rule 2.11(A)(4), which relates to disqualification based upon contributions to the judge's campaign, has not been adopted by any other state since it was first added to the Model Code in 1999. Accordingly, this provision is not included. In addition, the first sentence of Comment [1] of the Model Rules was deleted as redundant. It is important to note that a judge's disqualification decision remains subject to review by the Chief Justice under Trial Court Rule 17.

## Rule 2.12 Supervisory Duties

    **(A)** A judge shall require court staff, court officials, and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.

    **(B)** A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.

    **(C)** A judge shall not direct any court personnel to engage in any activity or perform any work not reasonably related to the official position or functions of the personnel.

### COMMENT

**[1]** A judge is responsible for his or her own conduct and for the conduct of others, such as staff, when those persons are acting at the judge's direction or control. A judge may not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when such conduct would violate the Code if undertaken by the judge.

**[2]** Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that judges under his or her supervision administer their workloads promptly.

### Clerk's Notes on Rule 2.12



Rule 2.12 and its comment are derived from the 2007 Model Rules, with the exception of paragraph (C), which is not contained in the Model Rules. This language is unique to West Virginia and is a carry-over from Canon 3C(5), which was presumably added as a result of the case of In Re Neely, 178 W.Va. 722, 364 S.E.2d 250(1987)(Judge's use of secretary to babysit child violated the "appearance of impropriety" standard of former Canon 2A).

## Rule 2.13 Administrative Appointments

**(A)** In making administrative appointments, a judge:

**(1)** shall exercise the power of appointment impartially* and on the basis of merit; and

**(2)** shall avoid nepotism,* favoritism, and unnecessary appointments.

**(B)** A judge shall not approve compensation of appointees beyond the fair value of services rendered.

### COMMENT

**[1]** Appointees of a judge include assigned counsel, officials such as referees, commissioners, special masters, receivers, and guardians, and personnel such as clerks, secretaries, bailiffs, court reporters, and probation officers. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by paragraph (A).

**[2]** Unless otherwise defined by law, nepotism is the appointment or hiring of any relative within the third degree of relationship of either the judge or the judge's spouse or domestic partner, or the spouse or domestic partner of such relative.

### Clerk's Notes on Rule 2.13

Rule 2.13 and its comment are derived from the 2007 Model Rules, with modifications. Paragraph (B) of the 2007 Model Rules, and its accompanying Comment [3], have been omitted. These provisions relate to the appointment of lawyers who contributed to the judge's campaign. This provision is not necessary because any issue of contribution-influenced appointments can be addressed under the Rule requiring appointments to be made impartially and on the basis of merit. Moreover, these provisions are counterparts to Model Rule 7.6 of the Rules of Professional Conduct, which was not adopted in West Virginia. Court reporters and probation officers were added to the list of appointees in Comment [1].

## Rule 2.14 Disability and Impairment

**(A)** A judge having a reasonable belief that the performance of a lawyer or another judge is impaired by drugs or alcohol, or by a mental, emotional, or physical condition, shall take appropriate action, which may include a confidential referral to a lawyer or judicial assistance program.

**(B)** Acts of a judge in the discharge or responsibilities required or permitted by paragraph (A) are part of a judge's judicial duties and shall be absolutely privileged, and no civil action predicated thereon may be instituted against the judge.

### COMMENT



**[1]** "Appropriate action" means action intended and reasonably likely to help the judge or lawyer in question address the problem and prevent harm to the justice system. Depending upon the circumstances, appropriate action may include but is not limited to speaking directly to the impaired person, notifying an individual with supervisory responsibility over the impaired person, or making a referral to an assistance program.

**[2]** Taking or initiating corrective action by way of referral to an assistance program may satisfy a judge's responsibility under this Rule. Assistance programs have many approaches for offering help to impaired judges and lawyers, such as intervention, counseling, or referral to appropriate health care professionals. The program for judges is the Judicial Committee on Assistance and Intervention. The program for lawyers is the Lawyer Assistance Program. Depending upon the gravity of the conduct that has come to the judge's attention, however, the judge may be required to take other action, such as reporting the impaired judge or lawyer to the appropriate authority, agency, or body. See Rule 2.15.

**Clerk's Notes on Rule 2.14**

Rule 2.14 and its comment are derived from the 2007 Model Rules, with two additions. Paragraph (B) is carried over from Canon 3D(4) of the existing West Virginia Code of Judicial Conduct. Additionally, the third and fourth sentences of Comment [2] were added in order to specify the assistance programs that are available in West Virginia.

## Rule 2.15 Responding to Judicial and Lawyer Misconduct

**(A)** A judge having knowledge* that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.*

**(B)** A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

**(C)** A judge having knowledge indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.

**(D)** A judge having knowledge indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.

**COMMENT**

**[1]** Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.

**[2]** A judge who has knowledge indicating a substantial likelihood of misconduct by another judge or lawyer is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.



**Clerk's Notes on Rule 2.15**

Rule 2.15 and its comment are derived entirely from the 2007 Model Rules, with the exception of subsection (C) and (D), which use the phrase "a judge having knowledge indicating a substantial likelihood" rather than the phrase in the Model Rules "a judge who receives information indicating a substantial likelihood." The language of Comment [2] was also modified for consistency.

## Rule 2.16 Cooperation with Disciplinary Authorities

**(A)** A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.

**(B)** A judge shall not retaliate, directly or indirectly, against a person known* or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.

---

**COMMENT**

**[1]** Cooperation with investigations and proceedings of judicial and lawyer discipline agencies, as required in paragraph (A), instills confidence in judges' commitment to the integrity of the judicial system and the protection of the public.

**Clerk's Notes on Rule 2.16**

Rule 2.16 and its comment are derived entirely from the 2007 Model Rules.





# Code of Judicial Conduct

Search    Search

# Code of Judicial Conduct: Canon 3

**TABLE OF CONTENTS**                    **Full Table of Contents**

**Canon 3**

**A Judge Shall Conduct The Judge's Personal And Extrajudicial Activities To Minimize The Risk Of Conflict With The Obligations Of Judicial Office.**

**Rule 3.1**   Extrajudicial Activities in General

**Rule 3.2**   Appearance Before Governmental Bodies and Consultation with Government Officials

**Rule 3.3**   Testifying as a Character Witness

**Rule 3.4**   Appointments to Governmental Positions

**Rule 3.5**   Use of Nonpublic Information

**Rule 3.6**   Affiliation with Discriminatory Organizations

**Rule 3.7**   Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities

**Rule 3.8**   Appointments to Fiduciary Positions

**Rule 3.9**   Service as Arbitrator or Mediator

**Rule 3.10**  Practice of Law

**Rule 3.11**  Financial, Business, or Remunerative Activities

**Rule 3.12**  Compensation for Extrajudicial Activities

**Rule 3.13**  Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value

**Rule 3.14**  Reimbursement of Expenses and Waivers of Fees or Charges

**Rule 3.15**  Reporting Requirements

## Canon 3



**A Judge Shall Conduct The Judge's Personal And Extrajudicial Activities To Minimize The Risk Of Conflict With The Obligations Of Judicial Office.**

---

**Clerk's Notes on Canon 3**

The language of Canon 3 is drawn explicitly from the 2007 Model Code. The Rules under Canon 3 are taken from former Canon 4 of the 1990 Model Code, along with a few rules taken from former Canon 2. The revisions are intended to locate everything related to a judge's personal life under a single Canon.

## Rule 3.1 Extrajudicial Activities in General

A judge may engage in extrajudicial activities, except as prohibited by law* or this Code. However, when engaging in extrajudicial activities, a judge shall not:

**(A)** participate in activities that will interfere with the proper performance of the judge's judicial duties;

**(B)** participate in activities that will lead to frequent disqualification of the judge;

**(C)** participate in activities that would appear to a reasonable person to undermine the judge's independence,* integrity,* or impartiality;*

**(D)** engage in conduct that would appear to a reasonable person to be coercive; or

**(E)** make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law.

---

**COMMENT**

**[1]** To the extent that time permits, and judicial independence and impartiality are not compromised, judges are encouraged to engage in appropriate extrajudicial activities. Judges are uniquely qualified to engage in extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law. See Rule 3.7.

**[2]** Off-the-bench judicial leadership is essential to effective resolution of local systemic problems that impede the progress of child abuse and neglect, delinquency, and status offense cases involving at-risk children and their families. Unlike most other types of cases in the court system, these cases deal with ongoing and changing circumstances, with federal and state legal mandates assigning to the judge a series of time-specific and complex decisions that shape the course of state intervention and determine the future of the child and family. For these reasons, judges are encouraged to regularly convene meetings of local professionals routinely involved in these cases for the purpose of addressing issues in the circuit relating to effective procedures and necessary services. These collaborative meetings may address systemic problems but shall not include discussion of individual cases.

**[3]** Participation in both law-related and other extrajudicial activities helps integrate judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

**[4]** Discriminatory actions and expressions of bias or prejudice by a judge, even outside the judge's official or judicial actions, are likely to appear to a reasonable person to call into question the judge's integrity and impartiality. Examples include jokes or other remarks that demean individuals based upon their race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. For the same reason, a judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination. This Rule should be read in conjunction with Rules 3.6 and 3.7.

[5] While engaged in permitted extrajudicial activities, judges must not coerce others or take action that would reasonably be perceived as coercive. For example, depending upon the circumstances, a judge's solicitation of contributions or memberships for an organization, even as permitted by Rule 3.7(A), might create the risk that the person solicited would feel obligated to respond favorably, or would do so to curry favor with the judge.

[6] The same Rules of the Code of Judicial Conduct that govern a judicial officer's ability to socialize and communicate in person, on paper, or over the telephone also apply to the Internet and social networking sites like Facebook.

### Clerk's Notes on Rule 3.1

Rule 3.1 is based entirely on the 2007 Model Code, but the comment has three additions that provide helpful guidance . Comment [2] is not in the Model Code. It relates to collaborative meetings that judges participate in or convene in cases involving child abuse and neglect, delinquency, and status offense cases involving at-risk children and their families. Comment [6] is not in the Model Code. It clarifies the applicability of conduct rules in the context of the Internet and social networking. Finally, the cross-reference at the end of Comment [4] was expanded to include a reference to Rule 3.7.

## Rule 3.2 Appearances Before Governmental Bodies and Consultation with Government Officials

A judge shall not appear voluntarily at a public hearing before, or otherwise consult with, an executive or a legislative body or official, except:

> **(A)** in connection with matters concerning the law, the legal system, or the administration of justice;

> **(B)** in connection with matters about which the judge acquired knowledge or expertise in the course of the judge's judicial duties; or

> **(C)** when the judge is acting pro se in a matter involving the judge's legal or economic interests, or when the judge is acting in a fiduciary* capacity.

### COMMENT

[1] Judges possess special expertise in matters of law, the legal system, and the administration of justice, and may properly share that expertise with governmental bodies and executive or legislative branch officials.

[2] In appearing before governmental bodies or consulting with government officials, judges must be mindful that they remain subject to other provisions of this Code, such as Rule 1.3, prohibiting judges from using the prestige of office to advance their own or others' interests, Rule 2.10, governing public comment on pending and impending matters, and Rule 3.1(C), prohibiting judges from engaging in extrajudicial activities that would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality.

[3] In general, it would be an unnecessary and unfair burden to prohibit judges from appearing before governmental bodies or consulting with government officials on matters that are likely to affect them as private citizens, such as zoning proposals affecting their real property. In engaging in such activities, however, judges must not refer to their judicial positions, and must otherwise exercise caution to avoid using the prestige of judicial office.

### Clerk's Notes on Rule 3.2

Rule 3.2 and its comment are based entirely on the 2007 Model Code.

## Rule 3.3 Testifying as a Character Witness



A judge shall not testify as a character witness in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a person in a legal proceeding, except when subpoenaed to testify.

---

**COMMENT**

[1] A judge who, without being subpoenaed, testifies as a character witness abuses the prestige of judicial office to advance the interests of another. See Rule 1.3. Except in unusual circumstances where the demands of justice require, a judge should discourage a party from requiring the judge to testify as a character witness.

[2] Whether or not the demands of justice indicate the judge should testify depends on the nature and depth of the judge's actual awareness of the character of the party for whom the judge would testify. It also depends upon the actual necessity that it be the judge, as opposed to another possible witness who is called to testify. Only if the judge is in a unique position to offer meaningful testimony about the individual should the judge testify.

**Clerk's Notes on Rule 3.3**

Rule 3.3 is based entirely on the 2007 Model Rules, with the exception of the final phrase: "subpoenaed to testify" is used instead of the Model Rule language "duly summoned." Comment [1] is based entirely on the 2007 Model Rules. Comment [2] is not contained in the Model Rules, but was added in order to provide specific guidance in accord with applicable case law.

## Rule 3.4 Appointments to Governmental Positions

A judge shall not accept appointment to a governmental committee, board, commission, or other governmental position, unless it is one that concerns the law, the legal system, or the administration of justice.

---

**COMMENT**

[1] Rule 3.4 implicitly acknowledges the value of judges accepting appointments to entities that concern the law, the legal system, or the administration of justice. Even in such instances, however, a judge should assess the appropriateness of accepting an appointment, paying particular attention to the subject matter of the appointment and the availability and allocation of judicial resources, including the judge's time commitments, and giving due regard to the requirements of the independence and impartiality of the judiciary.

[2] A judge may represent his or her country, state, or locality on ceremonial occasions or in connection with historical, educational, or cultural activities. Such representation does not constitute acceptance of a government position.

[3] A judge's appointment to a government board or commission relating to the law, the legal system, or the administration of justice is generally not the kind of incompatible or time-consuming position prohibited under the dual office-holding provision of West Virginia Constitution, Article VIII, § 7.

**Clerk's Notes on Rule 3.4**

Rule 3.4 and Comments [1] and [2] are based entirely on the 2007 Model Code. Comment [3] is not in the Model Rules, and is intended to clarify that the "other office or appointment" language of West Virginia Constitution, Article VIII, § 7 has no application to a judge's incidental service on a government board or committee that is not a separate office or employment in conflict with judicial duties and obligations.

## Rule 3.5 Use of Nonpublic Information



A judge shall not intentionally disclose or use nonpublic information* acquired in a judicial capacity for any purpose unrelated to the judge's judicial duties.

**COMMENT**

[1] In the course of performing judicial duties, a judge may acquire information of commercial or other value that is unavailable to the public. The judge must not reveal or use such information for personal gain or for any purpose unrelated to his or her judicial duties.

[2] This rule is not intended, however, to affect a judge's ability to act on information as necessary to protect the health or safety of the judge or a member of a judge's family, court personnel, or other judicial officers if consistent with other provisions of this Code.

**Clerk's Notes on Rule 3.5**

Rule 3.5 and its comment are based entirely on the 2007 Model Code.

## Rule 3.6 Affiliation with Discriminatory Organizations

(A) A judge shall not hold membership in any organization that practices invidious discrimination on the basis of race, sex, gender, religion, national origin, ethnicity, or sexual orientation.

(B) A judge shall not use the benefits or facilities of an organization if the judge knows* or should know that the organization practices invidious discrimination on one or more of the bases identified in paragraph (A). A judge's attendance at an event in a facility of an organization that the judge is not permitted to join is not a violation of this Rule when the judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.

**COMMENT**

[1] A judge's public manifestation of approval of invidious discrimination on any basis gives rise to the appearance of impropriety and diminishes public confidence in the integrity and impartiality of the judiciary. A judge's membership in an organization that practices invidious discrimination creates the perception that the judge's impartiality is impaired.

[2] An organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, sex, gender, religion, national origin, ethnicity, or sexual orientation persons who would otherwise be eligible for admission. Whether an organization practices invidious discrimination is a complex question to which judges should be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but rather, depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members, or whether it is an intimate, purely private organization whose membership limitations could not constitutionally be prohibited.

[3] When a judge learns that an organization to which the judge belongs engages in invidious discrimination, the judge must resign immediately from the organization.

[4] A judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5] This Rule does not apply to national or state military service.

**Clerk's Notes on Rule 3.6**

Rule 3.6 and its comment are based entirely on the 2007 Model Code.

### Rule 3.7 Participation in Educational, Religous, Charitable, Fraternal, or Civic Organizations and Activities

(A)Subject to the requirements of Rule 3.1, a judge may participate in activities sponsored by organizations or governmental entities concerned with the law, the legal system, or the administration of justice, and those sponsored by or on behalf of educational, religious, charitable, fraternal, or civic organizations not conducted for profit, including but not limited to the following activities:

(1)  assisting such an organization or entity in the management and investment of the organization's or entity's funds;

(2)  soliciting* contributions* for such an organization or entity, but only from members of the judge's family,* or from judges over whom the judge does not exercise supervisory or appellate authority;

(3)  soliciting membership for such an organization or entity, even though the membership dues or fees generated may be used to support the objectives of the organization or entity, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice;

(4)  appearing or speaking at, receiving an award or other recognition at, being featured on the program of, and permitting his or her title to be used in connection with an event of such an organization or entity, but if the event serves a fund-raising purpose, the judge may participate only if the event concerns the law, the legal system, or the administration of justice;

(5)  making recommendations to such a public or private fund-granting organization or entity in connection with its programs and activities, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice; and

(6)  serving as an officer, director, trustee, or nonlegal advisor of such an organization or entity, unless it is likely that the organization or entity:

(a) will be engaged in proceedings that would ordinarily come before the judge; or

(b) will frequently be engaged in adversary proceedings in the court of which the judge is a member, or in any court subject to the appellate jurisdiction of the court of which the judge is a member.

**(B)** A judge may encourage lawyers to provide pro bono publico legal services.

---

**COMMENT**

[1] The activities permitted by paragraph (A) generally include those sponsored by or undertaken on behalf of public or private not-for-profit educational institutions, and other not-for-profit organizations, including law-related, charitable, and other organizations.

[2] Even for law-related organizations, a judge should consider whether the membership and purposes of the organization, or the nature of the judge's participation in or association with the organization, would conflict with the judge's obligation to refrain from activities that reflect adversely upon a judge's independence, integrity, and impartiality.

[3] Mere attendance at an event, whether or not the event serves a fund-raising purpose, does not constitute a violation of paragraph (A)(4). It is also generally permissible for a judge to serve as an usher or a food server or preparer, or to perform similar functions, at fund-raising events sponsored by educational, religious, charitable, fraternal, or civic organizations. Such activities are not solicitation and do not present an element of coercion or abuse the prestige of judicial office.

[4] In addition to appointing lawyers to serve as counsel for indigent parties in individual cases, a judge may promote broader access to justice by encouraging lawyers to participate in pro bono publico legal services, if in doing so the judge does not employ coercion, or abuse the prestige of judicial office. Such encouragement may take many forms, including providing lists of available programs, training lawyers to do pro bono publico legal work, and participating in events recognizing lawyers who have done pro bono publico work.

**Clerk's Notes on Rule 3.7**

Rule 3.7 is based on the 2007 Model Code with one modification. Language in Rule 3.7(A)(1) that permits a judge to assist in "planning related to fund raising" was deleted. The Comment is based largely on the Model Code, but Comment [4] of the Model Code was deleted. The deleted language read as follows: "Identification of a judge's position in educational, religious, charitable, fraternal, or civic organizations on letterhead used for fund-raising or membership solicitation does not violate this Rule. The letterhead may list the judge's title or judicial office if comparable designations are used for other persons." Comment [5] of the Model Code was therefore renumbered as Comment [4].

## Rule 3.8 Appointments to Fiduciary Positions

**(A)** A judge shall not accept appointment to serve in a fiduciary* position, such as executor, administrator, trustee, guardian, attorney in fact, or other personal representative, except for the estate, trust, or person of a member of the judge's family,* and then only if such service will not interfere with the proper performance of judicial duties.

**(B)** A judge shall not serve in a fiduciary position if the judge as fiduciary will likely be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which the judge serves, or one under its appellate jurisdiction.

**(C)** A judge acting in a fiduciary capacity shall be subject to the same restrictions on engaging in financial activities that apply to a judge personally.

**(D)** If a person who is serving in a fiduciary position becomes a judge, he or she must comply with this Rule as soon as reasonably practicable, but in no event later than one year after becoming a judge.

---

**COMMENT**

[1] A judge should recognize that other restrictions imposed by this Code may conflict with a judge's obligations as a fiduciary; in such circumstances, a judge should resign as fiduciary. For example, serving as a fiduciary might require

frequent disqualification of a judge under Rule 2.11 because a judge is deemed to have an economic interest in shares of stock held by a trust if the amount of stock held is more than de minimis.

### Clerk's Notes on Rule 3.8

Rule 3.8 and its comment are based entirely on the 2007 Model Code.

## Rule 3.9 Service as Arbitrator or Mediator

A judge shall not act as an arbitrator or a mediator or perform other judicial functions apart from the judge's official duties.

### COMMENT

[1] This Rule does not prohibit a judge from participating in arbitration, mediation, or settlement conferences performed as part of assigned judicial duties. Rendering dispute resolution services apart from those duties, whether or not for economic gain, is prohibited.

### Clerk's Notes on Rule 3.9

Rule 3.9 and its comment are a slightly modified version of the 2007 Model Code, which contains the phrase "unless expressly authorized by law" in both the Rule and the Comment. Since there is no such authorization in West Virginia, that language was deleted.

## Rule 3.10 Practice of Law

A judge shall not practice law. A judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge's family,* but is prohibited from serving as the family member's lawyer in any forum.

### COMMENT

[1] A judge may act pro se in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with governmental bodies. A judge must not use the prestige of office to advance the judge's personal or family interests. See Rule 1.3.

### Clerk's Notes on Rule 3.10

Rule 3.10 and its comment are based entirely on the 2007 Model Code.

## Rule 3.11 Financial, Business, or Remunerative Activities

(A) A judge may hold and manage investments of the judge and members of the judge's family.*

**(B)** A judge shall not serve as an officer, director, manager, general partner, advisor, or employee of any business entity except that a judge may manage or participate in:

**(1)** a business closely held by the judge or members of the judge's family; or

**(2)** a business entity primarily engaged in investment of the financial resources of the judge or members of the judge's family.

**(C)** A judge shall not engage in financial activities permitted under paragraphs (A) and (B) if they will:

**(1)** interfere with the proper performance of judicial duties;

**(2)** lead to frequent disqualification of the judge;

**(3)** involve the judge in frequent transactions or continuing business relationships with lawyers or other persons likely to come before the court on which the judge serves; or

**(4)** result in violation of other provisions of this Code.

---

**COMMENT**

**[1]** Judges are generally permitted to engage in financial activities, including managing real estate and other investments for themselves or for members of their families. Participation in these activities, like participation in other extrajudicial activities, is subject to the requirements of this Code. For example, it would be improper for a judge to spend so much time on business activities that it interferes with the performance of judicial duties. See Rule 2.1. Similarly, it would be improper for a judge to use his or her official title or appear in judicial robes in business advertising, or to conduct his or her business or financial affairs in such a way that disqualification is frequently required. See Rules 1.3 and 2.11.

**[2]** As soon as practicable without serious financial detriment, the judge must divest himself or herself of investments and other financial interests that might require frequent disqualification or otherwise violate this Rule.

**Clerk's Notes on Rule 3.11**

Rule 3.11 and its comment are based entirely on the 2007 Model Code.

## Rule 3.12 Compensation for Extrajudicial Activities

A judge may accept reasonable compensation for extrajudicial activities permitted by this Code or other law* unless such acceptance would appear to a reasonable person to undermine the judge's independence,* integrity,* or impartiality.*

---

**COMMENT**

**[1]** A judge is permitted to accept honoraria, stipends, fees, wages, salaries, royalties, or other compensation for speaking, teaching, writing, and other extrajudicial activities, provided the compensation is reasonable and commensurate with the task performed. The judge should be mindful, however, that judicial duties must take precedence over other activities. See Rule 2.1.

**[2]** Compensation derived from extrajudicial activities may be subject to public reporting. See Rule 3.15.



**Clerk's Notes on Rule 3.12**

Rule 3.12 and its comment are based entirely on the 2007 Model Code.

### Rule 3.13 Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value

**(A)** A judge shall not accept — or knowingly* permit staff, court officials, and others subject to the judge's direction and control to accept — any gifts, loans, bequests, benefits, or other things of value, if acceptance is prohibited by law* or would appear to a reasonable person to undermine the judge's independence,* integrity,* or impartiality.*

**(B)** Unless otherwise prohibited by law, or by paragraph (A), a judge may accept the following without publicly reporting such acceptance:

    **(1)** items with little intrinsic value, such as plaques, certificates, trophies, and greeting cards;

    **(2)** gifts, loans, bequests, benefits, or other things of value from friends, relatives, or other persons, including lawyers, whose appearance or interest in a proceeding pending* or impending* before the judge would in any event require disqualification of the judge under Rule 2.11;

    **(3)** ordinary social hospitality;

    **(4)** commercial or financial opportunities and benefits, including special pricing and discounts, and loans from lending institutions in their regular course of business, if the same opportunities and benefits or loans are made available on the same terms to similarly situated persons who are not judges;

    **(5)** rewards and prizes given to competitors or participants in random drawings, contests, or other events that are open to persons who are not judges;

    **(6)** scholarships, fellowships, and similar benefits or awards, if they are available to similarly situated persons who are not judges, based upon the same terms and criteria;

    **(7)** books, magazines, journals, audiovisual materials, and other resource materials supplied by publishers on a complimentary basis for official use; or

    **(8)** gifts, awards, or benefits associated with the business, profession, or other separate activity of a spouse, a domestic partner,* or other family member of a judge residing in the judge's household,* but that incidentally benefit the judge.

**(C)**

Unless otherwise prohibited by law or by paragraph (A), a judge may accept the following items, and must report such acceptance to the extent required by Rule 3.15:

> **(1)** gifts incident to a public testimonial;

> **(2)** invitations to the judge and the judge's spouse, domestic partner, or guest to attend without charge:

> > **(a)** an event associated with a bar-related function or other activity relating to the law, the legal system, or the administration of justice; or

> > **(b)** an event associated with any of the judge's educational, religious, charitable, fraternal or civic activities permitted by this Code, if the same invitation is offered to nonjudges who are engaged in similar ways in the activity as is the judge; and

> **(3)** gifts, loans, bequests, benefits, or other things of value, if the source is a party or other person, including a lawyer, who has come or is likely to come before the judge, or whose interests have come or are likely to come before the judge.

---

## COMMENT

[1] Whenever a judge accepts a gift or other thing of value without paying fair market value, there is a risk that the benefit might be viewed as intended to influence the judge's decision in a case. Rule 3.13 imposes restrictions upon the acceptance of such benefits, according to the magnitude of the risk. Paragraph (B) identifies circumstances in which the risk that the acceptance would appear to undermine the judge's independence, integrity, or impartiality is low, and explicitly provides that such items need not be publicly reported. As the value of the benefit or the likelihood that the source of the benefit will appear before the judge increases, the judge is either prohibited under paragraph (A) from accepting the gift, or required under paragraph (C) to publicly report it.

[2] Gift-giving between friends and relatives is a common occurrence, and ordinarily does not create an appearance of impropriety or cause reasonable persons to believe that the judge's independence, integrity, or impartiality has been compromised. In addition, when the appearance of friends or relatives in a case would require the judge's disqualification under Rule 2.11, there would be no opportunity for a gift to influence the judge's decision making. Paragraph (B)(2) places no restrictions upon the ability of a judge to accept gifts or other things of value from friends or relatives under these circumstances, and does not require public reporting.

[3] Businesses and financial institutions frequently make available special pricing, discounts, and other benefits, either in connection with a temporary promotion or for preferred customers, based upon longevity of the relationship, volume of business transacted, and other factors. A judge may freely accept such benefits if they are available to the general public, or if the judge qualifies for the special price or discount according to the same criteria as are applied to persons who are not judges. As an example, loans provided at generally prevailing interest rates are not gifts, but a judge could not accept a loan from a financial institution at below-market interest rates unless the same rate was being made available to the general public for a certain period of time or only to borrowers with specified qualifications that the judge also possesses.

[4] Rule 3.13 applies only to acceptance of gifts or other things of value by a judge. Nonetheless, if a gift or other benefit is given to the judge's spouse, domestic partner, or member of the judge's family residing in the judge's household, it may be viewed as an attempt to evade Rule 3.13 and influence the judge indirectly. Where the gift or benefit is being made primarily to such other persons, and the judge is merely an incidental beneficiary, this concern is reduced. A judge should, however, remind family and household members of the restrictions imposed upon judges, and urge them to take these restrictions into account when making decisions about accepting such gifts or benefits.

[5] Rule 3.13 does not apply to contributions to a judge's campaign for judicial office. Such contributions are governed by other Rules of this Code, including Rules 4.3 and 4.4.

**Clerk's Notes on Rule 3.13**



With one exception, Rule 3.13 and its comment are based entirely on the 2007 Model Rule. The phrase "or knowingly* permit staff, court officials, and others subject to the judge's direction and control to accept" in Paragraph (A) is not in the Model Rule. Although imposed generally in Rule 2.12, it is appropriate to restate this clear guidance in the Rule relating specifically to gifts and other things of value.

## Rule 3.14 Reimbursement of Expenses and Waivers of Fees or Charges

**(A)** Unless otherwise prohibited by Rules 3.1 and 3.13(A) or other law,* a judge may accept reimbursement of necessary and reasonable expenses for travel, food, lodging, or other incidental expenses, or a waiver or partial waiver of fees or charges for registration, tuition, and similar items, from sources other than the judge's employing entity, if the expenses or charges are associated with the judge's participation in extrajudicial activities permitted by this Code.

**(B)** Reimbursement of expenses for necessary travel, food, lodging, or other incidental expenses shall be limited to the actual costs reasonably incurred by the judge and, when appropriate to the occasion, by the judge's spouse, domestic partner,* or guest.

**(C)** A judge who accepts reimbursement of expenses or waivers or partial waivers of fees or charges on behalf of the judge or the judge's spouse, domestic partner, or guest shall publicly report such acceptance as required by Rule 3.15.

---

**COMMENT**

[1] Educational, civic, religious, fraternal, and charitable organizations often sponsor meetings, seminars, symposia, dinners, awards ceremonies, and similar events. Judges are encouraged to attend educational programs, as both teachers and participants, in law-related and academic disciplines, in furtherance of their duty to remain competent in the law. Participation in a variety of other extrajudicial activity is also permitted and encouraged by this Code.

[2] Not infrequently, sponsoring organizations invite certain judges to attend seminars or other events on a fee-waived or partial-fee-waived basis, and sometimes include reimbursement for necessary travel, food, lodging, or other incidental expenses. A judge's decision whether to accept reimbursement of expenses or a waiver or partial waiver of fees or charges in connection with these or other extrajudicial activities must be based upon an assessment of all the circumstances. The judge must undertake a reasonable inquiry to obtain the information necessary to make an informed judgment about whether acceptance would be consistent with the requirements of this Code.

[3] A judge must assure himself or herself that acceptance of reimbursement or fee waivers would not appear to a reasonable person to undermine the judge's independence, integrity, or impartiality. The factors that a judge should consider when deciding whether to accept reimbursement or a fee waiver for attendance at a particular activity include:

(a) whether the sponsor is an accredited educational institution or bar association rather than a trade association or a for-profit entity;

(b) whether the funding comes largely from numerous contributors rather than from a single entity and is earmarked for programs with specific content;

(c) whether the content is related or unrelated to the subject matter of litigation pending or impending before the judge, or to matters that are likely to come before the judge;

(d) whether the activity is primarily educational rather than recreational, and whether the costs of the event are reasonable and comparable to those associated with similar events sponsored by the judiciary, bar associations, or similar groups;

(e) whether information concerning the activity and its funding sources is available upon inquiry;

(f) whether the sponsor or source of funding is generally associated with particular parties or interests currently appearing or likely to appear in the judge's court, thus possibly requiring disqualification of the judge under Rule 2.11;

(g) whether differing viewpoints are presented; and

        **(h)**   whether a broad range of judicial and nonjudicial participants are invited, whether a large number of participants are invited, and whether the program is designed specifically for judges.

### Clerk's Notes on Rule 3.14

Rule 3.14 and its comment are based entirely on the 2007 Model Code.

## Rule 3.15 Reporting Requirements

**(A)** A judge shall publicly report the amount or value of:

> **(1)** compensation received for extrajudicial activities as permitted by Rule 3.12;

> **(2)** gifts and other things of value as permitted by Rule 3.13(C), unless the value of such items, alone or in the aggregate with other items received from the same source in the same calendar year, does not exceed $150; and

> **(3)** reimbursement of expenses and waiver of fees or charges permitted by Rule 3.14(A), unless the amount of reimbursement or waiver, alone or in the aggregate with other reimbursements or waivers received from the same source in the same calendar year, does not exceed $500.

**(B)** When public reporting is required by paragraph (A), a judge shall report the date, place, and nature of the activity for which the judge received any compensation; the description of any gift, loan, bequest, benefit, or other thing of value accepted; and the source of reimbursement of expenses or waiver or partial waiver of fees or charges.

**(C)** The public report required by paragraph (A) shall be made annually by July 1 for the preceding calendar year, and must be filed as a public document in the office of the Clerk of the Supreme Court of Appeals.

### COMMENT

[1] Reporting of expense reimbursement and waiver of fees under Rule 3.15(A)(3) does not apply to events that are paid for by the Supreme Court Administrative Office or through grant funding. Examples include attendance at the West Virginia Judicial Conference, the West Virginia Family Court Judge's Conference, the West Virginia Magistrate's Conference, the Conference of Chief Justices, or attendance at a drug court conference paid by scholarship or grant funding. Reporting of expense reimbursement and waiver of fees under Rule 3.15(A)(3) does not apply to judicial seminars and judicial meetings. Reporting of expense reimbursement and waiver of fees under Rule 3.15(A)(3) applies only to events by nongovernmental entities other than a state or local bar association, a law school, a subject-matter bar association, a judicial association, the Judicial Division of the American Bar Association, the Appellate Judges Education Institute, or the National Judicial College.

### Clerk's Notes on Rule 3.15

Rule 3.15 is based largely on the 2007 Model Code. The threshold amounts in Paragraphs (A)(2) and (3) are set at $150 and $500 respectively. The reporting requirements of the Model Rule were modified to require annual reporting. The Comment is new, and is intended to provide specific guidance to West Virginia judges in reporting expense reimbursement and waiver of fees.

WEST VIRGINIA JUDICIARY

## Code of Judicial Conduct

Search    Search

## Code of Judicial Conduct: Canon 4

**TABLE OF CONTENTS**                    **Full Table of Contents**

**Canon 4**

**A Judge Or Candidate For Judicial Office Shall Not Engage In Political Or Campaign Activity That Is Inconsistent With The Independence, Integrity, Or Impartiality Of The Judiciary.**

Political and Campaign Activities of Judges and Judicial Candidates in General

Political and Campaign Activities of Judicial Candidates in Public Elections

Activities of Candidates for Appointive Judicial Office

Campaign Committees

Activities of Judges Who Become Candidates for Nonjudicial Office

## Canon 4

**A Judge Or Candidate For Judicial Office Shall Not Engage In Political Or Campaign Activity That Is Inconsistent With The Independence, Integrity, Or Impartiality Of The Judiciary.**

### Rule 4.1 Political and Campaign Activities of Judges and Judicial Candidates in General

(A) Except as permitted by law,* or by Rules 4.2, 4.3, and 4.4, a judge or a judicial candidate* shall not:

(1) act as a leader in, or hold an office in, a political organization;*

(2) make speeches on behalf of a political organization;

(3) publicly endorse or oppose a candidate for any public office;

(4) solicit funds for a political organization or a candidate for public office;

**(5)** make a contribution to a candidate for public office;

**(6)** personally solicit* or accept campaign contributions other than through a campaign committee authorized by Rule 4.4;

**(7)** use or permit the use of campaign contributions for the private benefit of the judge, the candidate, or others;

**(8)** require court staff to participate in a campaign for judicial office, or use court resources in a campaign for judicial office;

**(9)** knowingly,* or with reckless disregard for the truth, make any false or misleading statement;

**(10)** make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending* or impending* in any court; or

**(11)** in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial* performance of the adjudicative duties of judicial office.

**(B)** A judge or judicial candidate shall take reasonable measures to ensure that other persons do not undertake, on behalf of the judge or judicial candidate, any activities prohibited under paragraph (A).

---

## COMMENT

### General Conditions

[1] Even when subject to public election, a judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, judges and judicial candidates must, to the greatest extent possible, be free and appear to be free from political influence and political pressure. This Canon imposes narrowly tailored restrictions upon the political and campaign activities of all judges and judicial candidates, taking into account the various methods of selecting judges.

[2] When a person becomes a judicial candidate, this Canon becomes applicable to his or her conduct.

### Participation In Political Activities

[3] Public confidence in the independence and impartiality of the judiciary is eroded if judges or judicial candidates are perceived to be subject to political influence. Although judges and judicial candidates may register to vote as members of a political party, they are prohibited by paragraph (A)(1) from assuming leadership roles in political organizations.

[4] Paragraphs (A)(2) and (A)(3) prohibit judges and judicial candidates from making speeches on behalf of political organizations or publicly endorsing or opposing candidates for public office, respectively, to prevent them from abusing the prestige of judicial office to advance the interests of others. See Rule 1.3. These Rules do not prohibit candidates from campaigning on their own behalf. See Rule 4.2(B)(2).

[5] Although members of the families of judges and judicial candidates are free to engage in their own political activity, including running for public office, there is no "family exception" to the prohibition in paragraph (A)(3) against a judge or candidate publicly endorsing candidates for public office. A judge or judicial candidate must not become involved in, or publicly associated with a family member's political activity or campaign for public office. To avoid public misunderstanding, judges and judicial candidates should take, and should urge members of their families to take reasonable steps to avoid any implication that they endorse any family member's candidacy or other political activity.

[6] Judges and judicial candidates retain the right to participate in the political process as voters in both primary and general elections. For purposes of this Canon, participation in a caucus-type election procedure does not constitute public support for or endorsement of a political organization or candidate, and is not prohibited by paragraphs (A)(2) or (A)(3).

### Statements and Comments Made During a Campaign for Judicial Office

**[7]** Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (A)(9) obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a while not materially misleading.

**[8]** Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (A)(9), (A)(10), or (A)(11), the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

**[9]** Subject to paragraph (A)(10), a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

**[10]** Paragraph (A)(10) prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

**Pledges, Promises, or Commitments Inconsistent with Impartial Performance of the Adjudicative Duties of Judicial Office**

**[11]** The role of a judge is different from that of a legislator or executive branch official, even when the judge is subject to public election. Campaigns for judicial office must be conducted differently from campaigns for other offices. The narrowly drafted restrictions upon political and campaign activities of judicial candidates provided in Canon 4 allow candidates to conduct campaigns that provide voters with sufficient information to permit them to distinguish between candidates and make informed electoral choices.

**[12]** Paragraph (A)(11) makes applicable to both judges and judicial candidates the prohibition that applies to judges in Rule 2.10(B), relating to pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

**[13]** The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result. Pledges, promises, or commitments must be contrasted with statements or announcements of personal views on legal, political, or other issues, which are not prohibited. When making such statements, a judge should acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

**[14]** A judicial candidate may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid favoritism in appointments and hiring. A candidate may also pledge to take action outside the courtroom, such as working toward an improved jury selection system, or advocating for more funds to improve the physical plant and amenities of the courthouse.

**[15]** Judicial candidates may receive questionnaires or requests for interviews from the media and from issue advocacy or other community organizations that seek to learn their views on disputed or controversial legal or political issues. Paragraph (A)(11) does not specifically address judicial responses to such inquiries. Depending upon the wording and format of such questionnaires, candidates' responses might be viewed as pledges, promises, or commitments to perform the adjudicative duties of office other than in an impartial way. To avoid violating paragraph (A)(11), therefore, candidates who respond to media and other inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected. Candidates who do not respond may state their reasons for not responding, such as the danger that answering might be perceived by a reasonable person as undermining a successful candidate's independence or impartiality, or that it might lead to frequent disqualification. See Rule 2.11.

**Clerk's Notes on Rule 4.1**

Rule 4.1 and its comment are based largely on the 2007 Model Code. The restrictions on partisan activities that are contained in Paragraphs (A)(5) through (7) of Model Rule 4.1 are not included, because they are subject to invalidation under First Amendment principles. The general principle set out in Model Rule 4.1(A)(4) was modified and divided, with the prohibition on making a contribution to a candidate for political office being moved to a new (A)(5), and the subsequent provisions of the Model Rules were renumbered. This modification makes it easier to reconcile with the exceptions for active candidates that are contained in Rule 4.2. A cross reference in Comment [4] is also eliminated, because the referenced exception in Model Rule 4.2(B)(3) was not adopted. Rule 4.1(A)(8) is a modified version of Model Rule 4.1(A)(7), and prohibits requiring court staff to participate in a campaign instead of the blanket prohibition that is in the Model Rule. This modification is consistent with the language of Rule 2.12(C).

### Rule 4.2 Political and Campaign Activities of Judicial Candidates in Public Elections

**(A)** A judge or candidate* subject to public election* shall:

**(1)** act at all times in a manner consistent with the independence,* integrity,* and impartiality* of the judiciary;

**(2)** comply with all applicable election, election campaign, and election campaign fund-raising laws and regulations of this jurisdiction;

**(3)** review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination;

**(4)** take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by Rule 4.1; and

**(5)** take corrective action if he or she learns of any misrepresentations made in his or her campaign statements or materials.

**(B)** A judge or candidate subject to public election may, except as prohibited by law:

**(1)** establish a campaign committee pursuant to the provisions of Rule 4.4;

**(2)** speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

**(3)** attend or purchase tickets for dinners or other events sponsored by a political organization* or a candidate for public office;

**(4)** seek, accept, or use endorsements from any person or organization;

**(5)** communicate—in person or in advertising—membership in, affiliation with, or endorsement by a political party; and

**(6)** contribute to a political organization.

---

**COMMENT**

[1] Paragraph (B) permits judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1.

[2] Despite paragraph (B), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4), (9), and (11).

[3] A judge or candidate may be a member of a political party, and that affiliation is and has been a matter of public record in West Virginia. A judge or candidate may be endorsed by or otherwise publicly identified or associated with a political

party by a person or entity not affiliated with the judicial campaign. Therefore, a judge or candidate may maintain his or her party affiliation through a judicial election, and he or she may include political party affiliation or similar designation in campaign communications and literature.

### Clerk's Notes on Rule 4.2

Rule 4.2 and its comment are based on the 2007 Model Code with a number of revisions. The tiered approach in Paragraph (A) of the Model Rule was simplified in light of the fact that all West Virginia judicial elections are nonpartisan as a result of the passage of House Bill 2010. Paragraphs (A)(1) through (4) are based entirely on the Model Rule. Paragraph (A)(5) is not contained in the Model Rules, and provides useful guidance about the need to take corrective action upon discovering misrepresentation in a judicial candidate's campaign statements or materials. The opening clause of Paragraph (B) omits the time window set forth in the Model Rule. The time window in the Model Rule is unnecessary because all judicial elections are now to be conducted in single-seat divisions, and state election law already sets windows for pre-candidacy activities and formal declarations of candidacy. Paragraphs (B)(1) and (2) are based entirely on the Model Rule. However, Model Rule Paragraph (B)(3), which allows a judicial candidate to endorse another candidate running for the same office, is not included. This exception to the general prohibition in Rule 4.1(A)(3) has never been adopted in West Virginia. Paragraph (B)(3) is based entirely on Model Rule Paragraph (B)(4). Paragraph (B)(4) is a modified version of Model Rule Paragraph (B)(5), and does not include the Model Rule's limitation on seeking support from partisan political organizations. Paragraph (B)(5) is new and was added after the public comment period. Along with the new Comment [3], Paragraph (B)(5) is intended to provide guidance to candidates regarding the fact that membership in a political party may be articulated in the context of a nonpartisan election. Paragraph (B)(6) is a modified version of the Model Rule. Comments [1] and [2] are modified versions of the Model Rule, adjusted to take into account the changes described in this note. Model Rule Comments [3] through [7] are omitted as unnecessary, because they address distinctions between partisan and nonpartisan elections.

## Rule 4.3 Activities of Candidates for Appointive Judicial Office

A candidate for appointment to judicial office may:

**(A)** communicate with the appointing or confirming authority, including any selection, screening, or nominating commission or similar agency; and

**(B)** seek endorsements for the appointment from any person or organization.

### COMMENT

[1] When seeking support or endorsement, or when communicating directly with an appointing or confirming authority, a candidate for appointive judicial office must not make any pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office. See Rule 4.1(A)(10).

### Clerk's Notes on Rule 4.3

Rule 4.3 and its comment are based almost entirely on the 2007 Model Code, with the exception of a correction to the cross-reference in the Comment. In addition, Rule 4.3(B) does not include the Model Rule's limitation on seeking support from partisan political organizations.

## Rule 4.4 Campaign Committees

A judicial candidate* subject to public election* may establish a campaign committee to manage and conduct a campaign for the candidate, subject to the provisions of this Code. The candidate is responsible for ensuring that his or her campaign committee complies with applicable provisions of this Code and other applicable law.*

**COMMENT**

**[1]** Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. See Rule 4.1(A)(5). This Rule recognizes that in many jurisdictions, judicial candidates must raise campaign funds to support their candidacies, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

**[2]** Campaign committees may solicit and accept campaign contributions, manage the expenditure of campaign funds, and generally conduct campaigns. Candidates are responsible for compliance with the requirements of election law and other applicable law, and for the activities of their campaign committees.

**[3]** At the start of a campaign, the candidate must instruct the campaign committee to solicit or accept only such contributions as are reasonable in amount, appropriate under the circumstances, and in conformity with applicable law.

**Clerk's Notes on Rule 4.4**

Rule 4.4 is based entirely on Paragraph (A) of the 2007 Model Code. Paragraphs (B)(1) through (3) of the Model Code are not included, because they echo provisions that were previously not adopted and are covered by campaign conduct and reporting requirements that are already part of West Virginia law. The Comment is based upon the Model Rule, with the exception of Comment [3]. Language from the Model Rule relating to contributions from lawyers is too simplistic, because the relatively modest contribution limits on West Virginia apply to everyone, including lawyers.

# Rule 4.5 Activities of Judges Who Become Candidates for Nonjudicial Office

**(A)** Upon becoming a candidate for a nonjudicial elective office, a judge shall resign from judicial office, unless permitted by law* to continue to hold judicial office.

**(B)** Upon becoming a candidate for a nonjudicial appointive office, a judge is not required to resign from judicial office, provided that the judge complies with the other provisions of this Code.

**COMMENT**

**[1]** In campaigns for nonjudicial elective public office, candidates may make pledges, promises, or commitments related to positions they would take and ways they would act if elected to office. Although appropriate in nonjudicial campaigns, this manner of campaigning is inconsistent with the role of a judge, who must remain fair and impartial to all who come before him or her. The potential for misuse of the judicial office, and the political promises that the judge would be compelled to make in the course of campaigning for nonjudicial elective office, together dictate that a judge who wishes to run for such an office must resign upon becoming a candidate.

**[2]** The "resign to run" rule set forth in paragraph (A) ensures that a judge cannot use the judicial office to promote his or her candidacy. When a judge is seeking appointive nonjudicial office, however, the dangers are not sufficient to warrant imposing the "resign to run" rule.

**Clerk's Notes on Rule 4.5**

Rule 4.5 is based entirely on the 2007 Model Code. A clause in Comment [2] of the Model Rule relating to post-election retaliation was omitted as unnecessary.

