EXHIBIT B



# WEST VIRGINIA JUDICIARY

## Code of Judicial Conduct

## CODE OF JUDICIAL CONDUCT

**NOTE:** The Code of Judicial Conduct in West Virginia was adopted by order entered October 21, 1992, and became effective January 1, 1993

**Below is the entire Code of Judicial Conduct including commentary. Commentary is intended as an aid to interpreting and understanding the rules.**

# Contents

Preamble

Canon

1. 1. A judge shall uphold the integrity and independence of the judiciary.
2. 2. A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.
3. 3. A judge shall perform the duties of judicial office impartially and diligently.
4. 4. A judge shall so conduct the judge's extra-judicial activities as to minimize the risk of conflict with judicial obligations.
5. 5. A judge or judicial candidate shall refrain from inappropriate political activity.
6. 6. Application of the Code of Judicial Conduct.
7. Terminology.

## PREAMBLE.

Our legal system is based on the principle that an independent, fair, and competent judiciary will interpret and apply the laws that govern us. The role of the judiciary is central to American concepts of justice and the rule of law. Intrinsic to all sections of this Code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.

The Code of Judicial Conduct is intended to establish standards for ethical conduct of judges. It consists of broad statements called Canons, specific rules set forth in Sections under each Canon, an Application Canon, Commentary, and a Terminology Section. The text of the Canons, the Sections, and the Terminology is authoritative. The Commentary, by explanation and example, provides guidance with respect to the purpose and meaning of the Canons and Sections. The Commentary is not intended as a statement of additional rules. When the text uses "shall" or "shall not," it is intended to impose binding obligations the violation of which can result in disciplinary action. When "should"

or "should not" is used, the text is intended as hortatory and as a statement of what is or is not appropriate conduct but not as a binding rule under which a judge may be disciplined. When "may" is used, it denotes permissible discretion or, depending on the context, it refers to action that is not covered by specific proscriptions.

The Canons and Sections are rules of reason. They should be applied consistent with constitutional requirements, statutes, other court rules, and decisional law and in the context of all relevant circumstances. The Code is to be construed so as not to impinge on the essential independence of judges in making judicial decisions.

The Code is designed to provide guidance to judges and candidates for judicial office and to provide a structure for regulating conduct through disciplinary agencies. It is not designed or intended as a basis for civil liability or criminal prosecution. Furthermore, the purpose of the Code would be subverted if the Code were invoked for mere tactical advantage in a proceeding.

The text of the Canons and Sections is intended to govern conduct of judges and to be binding upon them. Whether disciplinary action is appropriate, and the degree of discipline to be imposed, should be determined through a reasonable and reasoned application of the text and should depend on such factors as the seriousness of the transgression, whether there is a pattern of improper activity, and the effect of the improper activity on others or on the judicial system.

The Code of Judicial Conduct is the formal, written standard governing the conduct and discipline of judges and others serving in a judicial capacity. The ethical standards set forth in the Code of Judicial Conduct do not draw simplistic lines between right and wrong. Judges will find that acting responsibly, honestly, and ethically involves more than simply learning this or any other code. A true sense of professional responsibility derives from an understanding of the reasons that underlie the principles of the Code of Judicial Conduct. Good judgment and adherence to high moral and personal standards are also important.

# CANON 1

**A judge shall uphold the integrity and independence of the judiciary.**

A. An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code are to be construed and applied to further that objective.

*Commentary. – Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges. The integrity and independence of judges depends in turn upon their acting without fear or favor. Although judges should be independent, they must comply with the law,* * including the provisions of this Code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.*

\* All terms marked with an asterisk (\*) are defined in the terminology section at the end of this Code.

# CANON 2

**A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.**

A. A judge shall respect and comply with the law\*, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

*Commentary. – Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on the judge's conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.*

*The prohibition against behaving with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge. Because it is not practicable to list all prohibited acts, the proscription is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations law,\* including court rules or other specific provisions of this Code. Errors in finding facts or in interpreting or applying law are not violations of this canon unless such judicial determinations involve bad faith or are done willfully or deliberately. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.*

*See also Commentary under Section 2C.*

B. A judge shall not allow family, social, political, or other relationships to influence the judge's judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or knowingly permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.

*Commentary. – Maintaining the prestige of judicial office is essential to a system of government in which the judiciary functions independently of the executive and legislative branches. Respect for the judicial office facilitates the orderly conduct of legitimate judicial functions. Judges should distinguish between proper and improper use of the prestige of office in all of their activities. For example, it would be improper for a judge to allude to his or her judgeship to gain a personal advantage such as deferential treatment when stopped by a police officer for a traffic offense. Similarly, judicial letterhead must not be used for conducting a judge's personal business.*

*A judge must avoid lending the prestige of judicial office for the advancement of the private interests of others. For example, a judge must not use the judge's judicial position to gain advantage in a civil suit involving a member of the judge's family. In contracts for publication of a judge's writings, a judge should retain control over the advertising to avoid exploitation of the judge's office. As to the acceptance of awards, see Section 4D(5)(a) and Commentary.*

*Although a judge should be sensitive to possible abuse of the prestige of office, a judge may, based on the judge's personal knowledge, serve as a reference or provide a letter of recommendation on official letterhead, which need not bear the words "personal and unofficial." However, a judge must not initiate the communication of information to a sentencing judge or a probation or corrections officer but may provide to such persons information for the record in response to a formal request.*

*Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees seeking names for consideration, and by responding to official inquiries concerning a person being considered for a judgeship. See also Canon 5 regarding use of a judge's name in political activities.*

*A judge must not testify voluntarily as a character witness because to do so may lend the prestige of the judicial office in support of the party for whom the judge testifies. Moreover, when a judge testifies as a witness, a lawyer who regularly appears before the judge may be placed in the awkward position of cross-examining the judge. A judge may, however, testify when properly summoned. Except in unusual circumstances where the demands of justice require, a judge should discourage a party from requiring the judge to testify as a character witness.*

C. A judge shall not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin. For the purposes of this Canon, an "organization which practices invidious discrimination" shall mean any organization which arbitrarily excludes persons from membership upon the basis of race, sex, religion, or national origin. The term

"organization" shall not include, however, an association of individuals dedicated to the preservation of religious, ethnic, historical, or cultural values of legitimate common interest to its members; or an intimate, distinctly private association of persons whose membership limitations would be entitled to constitutional protection.

*Commentary. — Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired because of the appearance of judicial bias against persons excluded from membership. Section 2C refers to the current practices of the organization. Whether an organization practices invidious discrimination is often a complex question to which judges should be sensitive. The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on how the organization selects members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited. Absent such factors, an organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, religion, sex, or national origin persons who would otherwise be admitted to membership.*

*Although Section 2C relates only to membership in organizations that invidiously discriminate on the basis of race, sex, religion or national origin, a judge's membership in an organization that engages in any discriminatory membership practices prohibited by the law of the jurisdiction also violates Canon 2 and Section 2A and gives the appearance of impropriety. In addition, it would be a violation of Canon 2 and Section 2A for a judge to arrange a meeting at a club that the judge knows\* practices invidious discrimination on the basis of race, sex, religion, or national origin in its membership or other policies, or for the judge to regularly use such a club. Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Section 2A.*

*When a person who is a judge on the date this Code becomes effective learns that an organization to which the judge belongs engages in invidious discrimination that would preclude membership under Section 2C or under Canon 2 and Section 2A, the judge is permitted, in lieu of resigning, to make immediate efforts to have the organization discontinue its invidiously discriminatory practices, but is required to suspend participation in any other activities of the organization. If the organization fails to discontinue its invidiously discriminatory practices as promptly as possible (and in all events within a year of the judge's first learning of the practices), the judge is required to resign immediately from the organization.*

# CANON 3.

## A judge shall perform the duties of judicial office impartially and diligently.

A. Judicial duties in general. The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law \*. In the performance of these duties, the following standards apply.

B. Adjudicative responsibilities.

(1) A judge shall hear and decide matters assigned to the judge except those in which disqualification is required.

(2) A judge shall be faithful to the law \* and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

(3) A judge shall require \* order and decorum in proceedings before the judge.

(4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require\* similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.

*Commentary. – The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate.*

(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, and shall not permit staff, court officials and others subject to the judge's direction and control to do so.

*Commentary. – A judge must perform judicial duties impartially and fairly. A judge who manifests bias on any basis in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute. Facial expression and body language, in addition to oral communication, can give to parties or lawyers in the proceeding, jurors, the media, and others an appearance of judicial bias. A judge must be alert to avoid behavior that may be perceived as prejudicial.*

(6) A judge shall require * lawyers in proceedings before the judge to refrain from manifesting, by words or conduct, bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, against parties, witnesses, counsel, or others. This Section 3B(6) does not preclude legitimate advocacy when race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, or other similar factors, are issues in the proceeding.

(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law *. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

(b) A judge may obtain the advice of a disinterested expert on the law * applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel* whose functions include aiding the judge in carrying out the judge's adjudicative responsibilities or with other judges.

(d) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.

(e) A judge may initiate or consider any ex parte communications when authorized by law *.

*Commentary. – The proscription against communications concerning a proceeding includes communications from lawyers, law teachers and other persons who are not participants in the proceeding, except to the limited extent permitted.*
*    To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.*
*    Whenever presence of a party or notice to a party is required by Section 3B(7), it is the party's lawyer, or if the party is unrepresented the party, who is to be present or to whom notice is to be given.*

*An appropriate and often desirable procedure for a court to obtain the advice of a disinterested expert on legal issues is to invite the expert to file a brief amicus curiae.*

*Certain ex parte communication is approved by Section 3B(7) to facilitate scheduling and other administrative purposes and to accommodate emergencies. In general, however, a judge must discourage ex parte communication and allow it only if all the criteria stated in Section 3B(7) are clearly met. A judge must disclose to all parties all ex parte communications described in Sections 3B(7)(a) and 3B(7)(b) regarding a proceeding pending or impending before the judge.*

*A judge must not independently investigate facts in a case and must consider only the evidence presented.*

*A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions.*

*A judge must make reasonable efforts, including the provision of appropriate supervision, to ensure that Section 3B (7) is not violated through law clerks or other personnel on the judge's staff.*

*If communication between the trial judge and the appellate court with respect to a proceeding is permitted, a copy of any written communication or the substance of any oral communication should be provided to all parties.*

(8) A judge shall dispose of all judicial matters promptly, efficiently, and fairly.

*Commentary. - In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. Containing costs while preserving fundamental rights of parties also protects the interests of witnesses and the general public. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs. A judge should encourage and seek to facilitate settlement, but parties should not feel coerced into surrendering the right to have their controversy resolved by the courts.*

*Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court, and expeditious in determining matters under submission, and to insist that court officials, litigants and their lawyers cooperate with the judge to that end.*

(9) Except for statements made in the course of official duties or to explain court procedures, a judge shall not make any public or nonpublic comment about any pending or impending proceeding which might reasonably be expected to affect its outcome or impair its fairness. The judge shall require * similar abstention on the part of court personnel * subject to the judge's direction and control.

*Commentary. – The requirement that judges abstain from public comment regarding a pending or impending proceeding continues during any appellate process and until final disposition. This Section does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity, but in cases such as a writ of mandamus where the judge is a litigant in an official capacity, the judge must not comment publicly. The conduct of lawyers relating to trial publicity is governed by Rule 3.6 of the Rules of Professional Conduct.*

(10) A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community.

*Commentary. - Commending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial in a subsequent case.*

(11) A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information* acquired in a judicial capacity.

(12) A judge may permit, under guidelines approved by the West Virginia Supreme Court of Appeals, the broadcasting, televising, recording, and taking of photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions.

*Commentary. – Temperate conduct of judicial proceedings is essential to the fair administration of justice. The recording and reproduction of a proceeding should not distort or dramatize the proceeding.*

C. Administrative responsibilities.

(1) A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.

(2) A judge shall require* staff, court officials, and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties.

(3) A judge with supervisory authority for the judicial performance of other judges shall take reasonable measures to assure the prompt disposition of matters before them and the proper performance of their other judicial responsibilities.

(4) A judge shall not make unnecessary appointments. A judge shall exercise the power of appointment impartially and on the basis of merit. A judge shall avoid nepotism* and favoritism. A judge shall not approve compensation of appointees beyond the fair value of services rendered.

*Commentary. – Appointees of a judge include assigned counsel; officials such as magistrates, referees, commissioners, special masters, receivers, and guardians; and personnel such as clerks, secretaries, court reporters, probation officers, and bailiffs. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by Section 3C(4).*

(5) A judge shall not require any personnel subject to the judge's direction to act contrary to any code of ethics applicable to the judge or to the personnel, or to engage in any activity or perform any work not reasonably related to the official position or functions of the personnel. A judge shall not require or knowingly* permit such personnel to act, in any official capacity, contrary to the law*.

D. Disciplinary responsibilities.

(1) A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code should take appropriate action. A judge having knowledge* that another judge has committed a violation of this Code that raises a substantial question as to the other judge's fitness for office shall inform the appropriate authority *.

(2) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct should take appropriate action. A judge having knowledge* that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority *.

(3) A judge who has knowledge * that another judge is incapacitated or impaired, raising a substantial question as to the judge's fitness for office, shall inform the Committee on Assistance and Intervention of the judiciary.

(4) Acts of a judge in the discharge of disciplinary responsibilities, required or permitted by Sections 3D(1), 3D(2) and 3D(3), are part of a judge's judicial duties and shall be absolutely privileged, and no civil action predicated thereon may be instituted against the judge. Commentary. - Appropriate action may include direct communication with the judge or lawyer who has committed the violation, other direct action if available, and reporting the violation to the appropriate authority * or other agency or body.

*Commentary. - Appropriate action may include direct communication with the judge or lawyer who has committed the violation, other direct action if available, and reporting the violation to the appropriate authority \* or other agency or body.*

E. Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

*Commentary. – Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that law firm appeared.*

*A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification.*

*By decisional law, the rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In the latter case, the judge must disclose on the record the basis for possible disqualification and use reasonable efforts to transfer the matter to another judge as soon as practicable.*

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge \* of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it;

(c) the judge knows \* that he or she, individually or as a fiduciary \*, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household \*, has an economic interest\* in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis \* interest that could be substantially affected by the proceeding;

(d) the judge or the judge's spouse, or a person within the third degree of relationship\* to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director or trustee, of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known \* by the judge to have a more than de minimis \* interest that could be substantially affected by the proceeding;

(iv) is to the judge's knowledge \* likely to be a material witness in the proceeding.

(2) A judge shall keep informed about the judge's personal and fiduciary \* economic interests\*, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse and minor children.

## CANON 4

**A judge shall so conduct the judge's extra-judicial activities as to minimize the risk of conflict with judicial obligations.**

A. Extra-judicial activities in general. A judge shall conduct all of the judge's extra-judicial activities so that they do not:

(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;
(2) demean the judicial office; or
(3) interfere with the proper performance of judicial duties.

*Commentary. – Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the community in which the judge lives.*

B. Avocational activities. A judge may speak, write, lecture, teach, and participate in other extra-judicial activities concerning the law *, the legal system, the administration of justice, and non-legal subjects, subject to the requirements of this Code.

*Commentary. – As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, * the legal system, and the administration of justice, including revision of substantive and procedural law and improvement of criminal and juvenile justice. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference, or other organization dedicated to the improvement of the law. Judges may participate in efforts to promote the fair administration of justice, the independence of the judiciary, and the integrity of the legal profession and may express opposition to the persecution of the lawyers and judges in other countries because of their professional activities.*
*   In this and other Sections of Canon 4, the phrase "subject to the requirements of this Code" is used, notably in connection with a judge's governmental, civic or charitable activities. This phrase is included to remind judges that the use of permissive language in various Sections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.*

C. Governmental, civic, or charitable activities.

(1) Governmental activities. A judge may appear at a public hearing before, or otherwise consult with, an executive or legislative body or official on matters concerning the law*, the legal system, or the administration of justice or when acting pro se in a matter involving the judge or the judge's interests, subject to the requirements of this Code.

(2) Quasi-judicial activities. A judge may serve as a member, officer, or director of an organization or governmental agency devoted to the improvement of the law*, the legal system, or the administration of justice. A judge may assist such an organization in raising funds and may participate in their management and investment, but should not personally participate in public fund-raising activities. A judge may make recommendations to public and private fund-granting agencies on projects and programs concerning the law*, the legal system, and the administration of justice.

(3) Civic and charitable activities. A judge may participate in civic and charitable activities that do not reflect adversely upon the judge's impartiality or interfere with the performance of the judge's judicial duties. A judge may serve as an officer, director, trustee, or non-legal adviser of an educational, religious, charitable, fraternal, or civic organization not conducted for the economic or political advantage of its members subject to the following limitations:

(a) A judge should not serve if it is likely that the organization will be engaged in proceedings that would ordinarily come before the judge or will be regularly engaged in adversary proceedings in any court.
(b) A judge should not solicit funds for any educational, religious, charitable, fraternal, or civic organization, or use or permit the use of the prestige of office for that purpose; but a judge may be listed as an officer, director, or trustee of such an organization, so long as the listing is not used for fund-raising purposes. A judge should not be a speaker or the guest of honor at an organization's fund-raising events, but may attend such events.

(c) A judge should not give investment advice to such an organization, but a judge may serve on its board of directors or trustees even though it has the responsibility for approving investment decisions.

**Commentary.** – The changing nature of some civic and charitable organizations and of their relationship to the law makes it necessary for a judge regularly to reexamine the activities of such organization with which the judge is affiliated to determine if it is proper to continue his or her relationship with it. For example, in many jurisdictions, charitable hospitals are in court now more frequently than in the past. Similarly, the boards of some organizations now make policy decisions that may have political significance or imply commitment to causes that may come before the courts for adjudication.

D. Financial activities.

(1) A judge shall not engage in financial and business dealings that:

(a) may reasonably be perceived to exploit the judge's judicial position, or
(b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves.

*Commentary. – The time for compliance provision of this Code (Canon 6, Section F) postpones the time for compliance with certain provisions of this Section in some cases.*
   *When a judge acquires in a judicial capacity information, such as material contained in filings with the court, that is not yet generally known, the judge must not use the information for private gain. See Section 2B; see also Section 3B (11).*
   *A judge must avoid financial and business dealings that involve the judge in frequent transactions or continuing business relationships with persons likely to come either before the judge personally or before other judges on the judge's court. In addition, a judge should discourage members of the judge's family from engaging in dealings that would reasonably appear to exploit the judge's judicial position. This rule is necessary to avoid creating an appearance of exploitation of office or favoritism and to minimize the potential for disqualification. With respect to affiliation of relatives of a judge with law firms appearing before the judge, see Commentary to Section 3E(1) relating to disqualification.*
   *Participation by a judge in financial and business dealings is subject to the general prohibitions in Section 4A against activities that tend to reflect adversely on impartiality, demean the judicial office, or interfere with the proper performance of judicial duties. Such participation is also subject to the general prohibition in Canon 2 against activities involving impropriety or the appearance of impropriety and the prohibition in Section 2B against the misuse of the prestige of judicial office. In addition, a judge must maintain high standards of conduct in all of the judge's activities, as set forth in Canon 1. See Commentary for Section 4B regarding use of the phrase "subject to the requirements of this Code."*

(2) A judge may, subject to the requirements of this Code, hold and manage investments of the judge and members of the judge's family\*, including real estate, and engage in other remunerative activity.

(3) A judge shall not serve as an officer, director, manager, general partner, adviser or employee of any business entity except that a judge may, subject to the requirements of this Code, manage and participate in:

(a) a business closely held by the judge or members of the judge's family\*, or
(b) a business entity primarily engaged in investment of the financial resources of the judge or members of the judge's family.\*

*Commentary. - Subject to the requirements of this Code, a judge may participate in a business that is closely held either by the judge alone, by members of the judge's family,\* or by the judge and members of the judge's family. Although participation by a judge in a closely-held family business might otherwise be permitted by Section 4D(3),*

Case 2:18-cr-00134   Document 56-2   Filed 09/26/18   Page 12 of 22 PageID #: 615

*a judge may be prohibited from participation by other provisions of this Code when, for example, the business entity frequently appears before the judge's court or the participation requires significant time away from judicial duties. Similarly, a judge must avoid participating in a closely-held family business if the judge's participation would involve misuse of the prestige of judicial office.*

(4) A judge shall manage the judge's investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as the judge can do so without serious financial detriment, the judge shall divest himself or herself of investments and other financial interests that might require frequent disqualification.

(5) A judge shall not accept, or knowingly * permit staff, court officials, and others subject to judge's direction and control to accept, and should urge members of the judge's family residing in the judge's household*, not to accept a gift, bequest, favor, or loan from anyone except for:

*Commentary. - Section 4D(5) does not apply to contributions to a judge's campaign for judicial office, a matter governed by Canon 5.*
   *Because a gift, bequest, favor, or loan to a member of the judge's staff, court officials and others subject to the judge's direction and control and of the judge's family residing in the judge's household might be viewed as intended to influence the judge, a judge should inform staff, court officials and others subject to the judge's direction and control and those family members of the relevant ethical constraints upon the judge in this regard and discourage those subject to the judge's direction and control and those family members from violating them. A judge cannot, however, reasonably be expected to know or control all of the financial or business activities of all family members residing in the judge's household.*

(a) a gift incident to a public testimonial, books, tapes, and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge's spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law*, the legal system, or the administration of justice;

*Commentary. - Acceptance of an invitation to a law-related function is governed by Section 4D(5)(a); acceptance of an invitation paid for by an individual lawyer or group of lawyers is governed by Section 4D95)(h).*
   *A judge may accept a public testimonial or a gift incident thereto only if the donor organization is not an organization whose members comprise or frequently represent the same side in litigation, and the testimonial and gift are otherwise in compliance with other provisions of this Code. See Sections 4A(1) and 2B.*

(b) a gift, award, or benefit incident to the business, profession, or other separate activity of a spouse or other family member of a judge residing in the judge's household*, including gifts, awards, and benefits for the use of both the spouse or other family member and the judge (as spouse or family member), provided the gift, award, or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;

(c) ordinary social hospitality;

(d) a gift from a relative or friend, for a special occasion, such as a wedding, anniversary, or birthday, if the gift is fairly commensurate with the occasion and the relationship;

*Commentary. - A gift to a judge, or to a member of the judge's family living in the judge's household,* that is excessive in value raises questions about the judge's impartiality and the integrity of the judicial office and might require disqualification of the judge where disqualification would not otherwise be required. See, however, Section 4D(5)(e).*

(e) a gift, bequest, favor, or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under Section 3E;

(f) a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges;

(g) a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants; or

(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value exceeds $150.00, the judge reports it in the same manner as the judge reports compensation in Section 4H.

*Commentary. – Section 4D(5)(h) prohibits judges from accepting gifts, favors, bequests, or loans from lawyers or their firms if they have come or are likely to come before the judge; it also prohibits gifts, favors, bequests, or loans from clients of lawyers or their firms when the clients' interests have come or are likely to come before the judge.*

E. Fiduciary activities.

(1) A judge shall not serve as executor, administrator, or other personal representative, trustee, guardian, attorney in fact, or other fiduciary *, except for the estate, trust, or person of a member of the judge's family *, and then only if such service will not interfere with the proper performance of judicial duties.

(2) A judge shall not serve as a fiduciary * if it is likely that the judge as a fiduciary will be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which the judge serves or one under its appellate jurisdiction.

(3) The same restrictions on financial activities that apply to a judge personally also apply to the judge while acting in a fiduciary * capacity.

*Commentary. – The Time for Compliance provision of this Code (Section 6F) postpones the time for compliance with certain provisions of this Section in some cases.*
*    The restrictions imposed by this Canon may conflict with the judge's obligation as a fiduciary.* For example, a judge should resign as trustee if detriment to the trust would result from divestiture of holdings the retention of which would place the judge in violation of Section 4D(4).*

F. Service as arbitrator or mediator. A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law*. Commentary. - Section 4F does not prohibit a judge from participating in arbitration, mediation, or settlement conferences performed as part of judicial duties. Section 6B permits retired judges to act as mediators in a private capacity.

*Commentary. - Section 4F does not prohibit a judge from participating in arbitration, mediation, or settlement conferences performed as part of judicial duties. Section 6B permits retired judges to act as mediators in a private capacity.*

G. Practice of law. A judge shall not practice law. Notwithstanding this prohibition, a judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge's family*.

*Commentary. - This prohibition refers to the practice of law in a representative capacity and not in a pro se capacity. A judge may act for himself or herself in all legal matters, including matters, involving litigation and matters involving*

*appearances before or other dealings with legislative and other governmental bodies. However, in so doing, a judge must not abuse the prestige of office to advance the interests of the judge or members of the judges family.\* See Section 2(B).*

*The Code allows a judge to give legal advice to and draft legal documents for members of the judge's family,\* so long as the judge receives no compensation. A judge must not, however, act as an advocate or negotiator for a member of the judge's family in a legal matter.*

H. Compensation, reimbursement, and reporting.

(1) Compensation and reimbursement. A judge may receive compensation and reimbursement of expenses for the extra-judicial activities permitted by this Code, if the source of such payments does not give the appearance of influencing the judge's performance of judicial duties or otherwise give the appearance of impropriety.

(a) Compensation shall not exceed a reasonable amount nor shall it exceed what a person who is not a judge would receive for the same activity.

(b) Expense reimbursement shall be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, by the judge's spouse or guest. Any payment in excess of such an amount is compensation.

(2) Public reports. A judge shall report the name of a firm, corporation, or partnership in which the judge has an interest and relationship thereto. In addition, should the judge receive compensation during the calendar year exceeding $500 from sources other than those listed in the preceding sentence, the judge shall report the name of the payor and the reason for the compensation. Compensation or income of a judge's spouse contributed to the judge by operation of a community property law is not extra-judicial compensation to the judge. The report must be made annually by July 1 for the preceding calendar year, and must be filed as a public document in the office of the Clerk of the Supreme Court of Appeals or other office designated by rule of the Supreme Court of Appeals.

*Commentary. - See Section 4D(5) regarding reporting of gifts, bequests and loans.*
*The Code does not prohibit a judge from accepting honoraria or speaking fees provided that the compensation is reasonable and commensurate with the task performed. A judge should ensure, however, that no conflicts are created by the arrangement. A judge must not appear to ensure however, that no conflicts are created by the arrangement. A judge must not appear to trade on the judicial position for personal advantage. Nor should a judge spend significant time away from court duties to meet speaking or writing commitments for compensation. In addition, the source of the payment must not raise any question of undue influence or the judge's ability or willingness to be impartial.*

I. Disclosure of a judge's income, debts, investments, or other assets is required only to the extent provided in this Canon and in Section 3E, or as otherwise required by law\*.

*Commentary. - Section 3E requires a judge to disqualify himself or herself in any proceeding in which the judge has an economic interest.\* Section 4D requires a judge to refrain from engaging in business and from financial activities that might interfere with the impartial performance of judicial duties; Section 4H requires a judge to report certain compensation the judge received for activities outside judicial office. A judge has the rights of any other citizen, including the right to privacy of the judge's financial affairs, except to the extent that limitations established by law\* are required to safeguard the proper performance of the judge's duties.*

# CANON 5

**A judge or judicial candidate shall refrain from inappropriate political activity.**

A. All judges and candidates.

(1) Except as authorized in Sections 5B(2), 5C(1), and 5C(3), a judge or a candidate* for election or appointment to judicial office shall not:

(a) act as a leader or hold an office in a political organization*;
(b) publicly endorse or publicly oppose another candidate for public office;
(c) make speeches on behalf of a political organization*;
(d) publicly display any campaign paraphernalia in any area where judicial activities are conducted or knowingly* permit any such display;
(e) solicit funds for a political organization * or candidate.

*Commentary. - A judge or candidate\* for judicial office retains the right to participate in the political process as a voter.*
   *Where false information concerning a judicial candidate is made public, a judge or another judicial candidate\* having knowledge\* of the facts is not prohibited by Section 5A(1) from making the facts public.*
   *Section 5A(1)(a) does not prohibit a candidate\* for elective judicial office from retaining during candidacy a public office such as county prosecutor, which is not "an office in a political organization."\**
   *Section 5A(1)(b) does not prohibit a judge or judicial candidate\* from privately expressing his or her views on judicial candidates or other candidates for public office.*
   *A candidate\* does not publicly endorse another candidate for public office by having that candidate's name on the same ticket.*

(2) A judge shall resign from judicial office upon becoming a candidate* for a non-judicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate * for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law* to do so.

(3) A candidate* for a judicial office

(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and shall act in a manner that promotes public confidence in the integrity and impartiality of the judiciary, and should encourage members of the candidate's family* to adhere to the same standards of political conduct in support of the candidate* that apply to the candidate*;

*Commentary. - Although a judicial candidate\* must encourage members of his or her family to adhere to the same standards of political conduct in support of the candidate that apply to the candidate, family members are free to participate in other political activity.*

(b) shall prohibit employees and officials who serve at the pleasure of the candidate*, and shall discourage other employees and officials subject to the candidate's* direction and control from doing on the candidate's* behalf what the candidate* is prohibited from doing under the Sections of this Canon;

(c) except to the extent permitted by Section 5C(2), shall not authorize or knowingly* permit any other person to do for the candidate* what the candidate* is prohibited from doing under the Sections of this Canon;

(d) shall not:

(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;

(ii) make statements that commit or appear to commit the candidate* with respect to cases, controversies or issues that are likely to come before the court; or

(iii) knowingly* misrepresent the identity, qualifications, present position, or other fact concerning the candidate* or an opponent;

*Commentary. - Section 5A(3)(d) prohibits a candidate\* for judicial office from making statements that appear to commit the candidate regarding cases, controversies or issues likely to come before the court. As a corollary, a candidate should emphasize in any public statement the candidate's duty to uphold the law regardless of his or her personal views. See also Section 3B(9), the general rule on public comment by judges. Section 5A(3)(d) does not prohibit a candidate from making pledges or promises respecting improvements in court administration. Nor does this Section prohibit an incumbent judge from making private statements to other judges or court personnel\* in the performance of judicial duties. This Section applies to any statement made in the process of securing judicial office, such as statements to commissions charged with judicial selection and tenure and legislative bodies confirming appointment. See also Rule 8.2 of the Rules of Professional Conduct.*

(e) may respond to personal attacks or attacks on the candidate's* record as long as the response does not violate Section 5A(3)(d).

B. Candidates seeking appointment to judicial or other governmental office.

(1) A candidate* for appointment to judicial office or a judge seeking other governmental office shall not solicit or accept funds, personally or through a committee or otherwise, to support his or her candidacy.

(2) A candidate* for appointment to judicial office or a judge seeking other governmental office shall not engage in any political activity to secure the appointment inconsistent with the provisions of Section 5A(1), but such persons may:

(a) communicate with the appointing authority, including any selection or nominating commission or other agency designated to screen candidates;

(b) seek support or endorsement for the appointment from organizations that regularly make recommendations for reappointment or appointment to office, and from individuals to the extent requested or required by those specified in Section 5B(2)(a); and

(c) provide to those specified in Sections 5B(2)(a) and 5B(2)(b) information as to his or her qualifications for the office.

(3) A non-judge candidate* for appointment to judicial office may, in addition, unless otherwise prohibited by law*, retain an office in a political organization*.

*Commentary. - Section 5B(2) provides a limited exception to the restrictions imposed by Sections 5A(1) and 5D. Under Section 5B(2), candidates\* seeking reappointment to the same judicial office or appointment to another judicial office or other governmental office may apply for the appointment and seek appropriate support.*

*Although under Section 5B(2) non-judge candidates\* seeking appointment to judicial office are permitted during candidacy to retain office in a political organization,\* they remain subject to other provisions of this Code during candidacy. See Sections 5B(1), 5B(2)(a), 5E and Canon 6.*

C. Judges and candidates subject to public election.

(1) A judge or a candidate* subject to public election* may, except as prohibited by law*:

Case 2:18-cr-00134   Document 56-2   Filed 09/26/18   Page 17 of 22 PageID #: 620

(a) at any time

(i) purchase tickets for and attend political gatherings;
(ii) identify himself or herself as a member of a political party; and
(iii) contribute to a political organization*;

(b) when a candidate for election

(i) speak to gatherings on his or her own behalf;
(ii) appear in newspaper, television, and other media advertisements supporting his or her candidacy; and
(iii) distribute pamphlets and other promotional campaign literature supporting his or her candidacy.

*Commentary. - Section 5C(1) permits judges subject to public election\* at any time to be involved in limited political activity. Section 5D, applicable solely to incumbent judges, would otherwise bar this activity.*

(2) A candidate* shall not personally solicit or accept campaign contributions or personally solicit publicly stated support. A candidate* may, however, establish committees of responsible persons to conduct campaigns for the candidate* through media advertisements, brochures, mailings, candidate forums, and other means not prohibited by law*. Such committees may solicit and accept reasonable campaign contributions, manage the expenditure of funds for the candidate's campaign and obtain public statements of support for his or her candidacy. Such committees are not prohibited from soliciting and accepting reasonable campaign contributions and public support from lawyers. A candidate* shall not use or permit the use of campaign contributions for the private benefit of the candidate* or others.

*Commentary. - Section 5C(2) permits a candidate,\* other than a candidate for appointment, to establish campaign committees to solicit and accept public support and reasonable financial contributions. At the start of the campaign, the candidate must instruct his or her campaign committees to solicit or accept only contributions that are reasonable under the circumstances. Though not prohibited, campaign contributions of which a judge has knowledge,\* made by lawyers or others who appear before the judge, may be relevant to disqualification under Section 3E.*
*   Campaign committees established under Section 5C(2) should manage campaign finances responsibly, avoiding deficits that might necessitate post-election fund-raising, to the extent possible.*
*   Section 5C(2) does not prohibit a candidate\* from initiating an evaluation by a judicial selection commission or bar association, or, subject to the requirements of this Code, from responding to a request for information from any organization.*

(3) Except as prohibited by law *, a candidate* for judicial office in a public election* may permit the candidate's* name: (a) to be listed on election materials along with the names of other candidates for elective public office, and (b) to appear in promotions of the ticket.

*Commentary. - Section 5C(3) provides a limited exception to the restrictions imposed by Section 5A(1).*
*   The Time for Compliance provision of this Code (Section 6F) postpones the time for compliance with certain provisions of this Section in some cases.*

D. Incumbent judges. A judge shall not engage in any political activity except (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law*, the legal system or the administration of justice, or (iii) as expressly authorized by law*.

*Commentary. - Neither Section 5D nor any other section of the Code prohibits a judge in the exercise of administrative functions from engaging in planning and other official activities with members of the executive and legislative*

*branches of government. With respect to a judge's activity on behalf of measures to improve the law,\* the legal system, and the administration of justice, see Commentary to Section 4B and Section 4C(1) and its Commentary.*

E. Applicability. Canon 5 generally applies to all incumbent judges and judicial candidates\*. A candidate\*, whether or not an incumbent\* and whether or not successful, is subject to judicial discipline for his or her campaign conduct.

*Commentary. - A lawyer who is a candidate\* for judicial office may also be disciplined under the Rules of Professional Conduct for his or her campaign conduct. See especially Rule 8.2.*

# CANON 6

## Application of the Code of Judicial Conduct.

A. Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including but not limited to Justices of the Supreme Court of Appeals, Circuit Judges, Family Law Masters, Magistrates, Mental Hygiene Commissioners, Juvenile Referees, Special Commissioners and Special Masters, is a judge within the meaning of the Code. All judges shall comply with this Code except as provided below. All candidates\* for judicial office shall comply with the applicable provisions of this Code.

*Commentary. – The four categories of judicial service in other than a full-time capacity are necessarily defined in general terms because of the widely varying forms of judicial service. For the purposes of this Section, as long as a retired judge is subject to recall, the judge is considered to "perform judicial functions." The determination of which category and, accordingly, which specific Code provisions apply to an individual judicial officer, depend upon the facts of the particular judicial service.*
*    The Code does not apply to an administrative law judge, hearing examiner, or similar officer within the executive branch of government.*

B. Retired judges.

(1) A retired judge admitted to senior status but who does not engage in the practice of law is not required to comply with Section 4E.

(2) A retired judge admitted to senior status but who engages in limited law practice is not required to comply with Sections 4E and 4G.

(3) A retired judge not admitted to senior status but who is recalled for specific cases or specific periods of service shall be deemed a pro tempore part-time judge subject to Section 6E.

(4) A retired judge, whether or not admitted to senior status and whether or not engaging in law practice, may be employed as a mediator or an arbitrator notwithstanding the provisions of Section 4F.

C. Continuing part-time judge. A continuing part-time judge\* :

(1) is not required to comply

(a) except while serving as a judge, with Section 3B(9); and
(b) at any time with Sections 4D(3), 4E(1), 4F, 4G, 4H, 5A(1), 5B(2), and 5D.

ory

(2) may practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, but shall not act as a lawyer in a proceeding in which the judge has served as a judge in any other proceeding related thereto, or in any matter involving the same subject-matter jurisdiction.

*Commentary. – A part-time Family Law Master shall not accept any domestic relations matter or serve as an attorney in any proceeding related to a case in which he or she has served as a Family Law Master, nor shall a Mental Hygiene Commissioner accept any mental hygiene matters or serve as an attorney in any proceeding related to a case in which he or she has served as a Mental Hygiene Commissioner, nor shall a Juvenile Referee accept any juvenile matters or serve as an attorney in any proceeding related to a case in which he or she has served as a Juvenile Referee.*

*When a person who has been a continuing part-time judge is no longer a continuing part-time judge that person may act as a lawyer in a proceeding in which he or she has served as a judge or in any other proceeding related thereto only with the express consent of all parties pursuant to Rule 1.12(a) of the Rules of Professional Conduct.*

D. Periodic part-time judge. A periodic part-time judge*:

(1) is not required to comply

(a) except while serving as a judge, with Section 3B(9);
(b) at any time, with Sections 4C(3)(a), 4D(1)(b), 4D(3), 4D(4), 4D(5), 4E, 4F, 4G, 4H, 5A(1), 5B(2) and 5D.

(2) shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

*Commentary. – When a person who has been a periodic part-time judge* is no longer a periodic part-time judge (no longer accepts appointments), that person may act as a lawyer in a proceeding in which he or she has served as a judge or in any other proceeding related thereto only with the express consent of all parties pursuant to Rule 1.12(a0 of the Rules of Professional Conduct.*

E. Pro tempore part-time judge. A pro tempore part-time judge* :

(1) is not required to comply

(a) except while serving as a judge, with Sections 2A, 2B, 3B(9), and 4C(1);
(b) at any time with Sections 2C, 4C(3)(a), 4C(3)(b), 4D(1)(b), 4D(3), 4D(4), 4D(5), 4E, 4F, 4G, 4H, 5A(1), 5A(2), 5B(2), and 5D.

(2) A person who has been a pro tempore part-time judge* shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto except as otherwise permitted by Rule 1.12(a) of the Rules of Professional Conduct.

F. Time for compliance. A person to whom this Code becomes applicable shall comply immediately with all provisions of this Code except Sections 4D(2), 4D(3) and 4E and shall comply with these Sections as soon as reasonably possible and shall do so in any event within the period of one year. History - [Amended by order entered June 14, 1994, effective July 1, 1994; and by order entered February 15, 1995, effective March 1, 1995.]

*Commentary. – If serving as a fiduciary* when selected as judge, a new judge may, notwithstanding the prohibitions in Section 4E, continue to serve as fiduciary but only for that period of time necessary to avoid serious adverse consequences to the beneficiary of the fiduciary relationship and in no event longer than one year. Similarly, if*

*engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Section 4D(3), continue in that activity for a reasonable period but in no event longer than one year.*

----------------------

Terminology.

Terms explained below are noted with an asterisk (*) in the Sections where they appear. In addition, the Sections where terms appear are referred to after the explanation of each term below.

"Appropriate authority" denotes the authority with responsibility for initiation of disciplinary process with respect to the violation to be reported. See Sections 3D(1) and 3D(2).

"Candidate." A candidate is a person seeking selection for or retention in judicial office by election or appointment. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election or appointment authority, or authorizes solicitation or acceptance of contributions or support. The term "candidate" has the same meaning when applied to a judge seeking election or appointment to non-judicial office. See Preamble and Sections 5A, 5B, 5C, 5E, and 6A.

"Continuing part-time judge." A continuing part-time judge is a judge who serves repeatedly on a part-time basis by election or under a continuing appointment, a part-time family law master, a juvenile referee, and a mental hygiene commissioner. See Section 6C.

"Court personnel" does not include the lawyers in a proceeding before a judge. See Sections 3B(7)(c) and 3B(9).

"De minimis" denotes an insignificant interest that could not raise reasonable question as to a judge's impartiality. See Sections 3E(1)(c) and 3E(1)(d).

"Economic interest" denotes ownership of a more than de minimis legal or equitable interest, or a relationship as officer, director, advisor, or other active participant in the affairs of a party, except that:

(i) ownership of an interest in a mutual or common investment fund that holds securities is not an economic interest in such securities unless the judge participates in the management of the fund or a proceeding pending or impending before the judge could substantially affect the value of the interest;
(ii) service by a judge as an officer, director, advisor, or other active participant in an educational, religious, charitable, fraternal, or civic organization, or service by a judge's spouse, parent, or child as an officer, director, advisor, or other active participant in any organization does not create an economic interest in securities held by that organization;
(iii) a deposit in a financial institution, the proprietary interest of a policy holder in a mutual insurance company, of a depositor in a mutual savings association or of a member in a credit union, or a similar proprietary interest is not an economic interest in the organization unless a proceeding pending or impending before the judge could substantially affect the value of the interest;
(iv) ownership of government securities is not an economic interest in the issuer unless a proceeding pending or impending before the judge could substantially affect the value of the securities. See Sections 3E(1)(c) and 3E(2).

"Fiduciary" includes such relationships as executor, administrator, trustee, and guardian. See Sections 3E and 4E.

"Knowingly," "knowledge," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances. See Sections 2B, 3C(5), 3D, 3E(1), and 5A (1) and (3).

"Law" denotes court rules as well as statutes, constitutional provisions, and decisional law. See Sections 2A, 3A, 3B(2), 3B(7), 3C(5), 4B, 4C, 4D(5), 4F, 4I, 5A(2), 5B(3), 5C, 5D, and 6B.

"Member of the candidate's family" denotes a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the candidate maintains a close familial relationship. See Section 5A(3) (a).

"Member of the judge's family" denotes a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship. See Sections 4D, 4E, and 4G.

"Member of the judge's family residing in the judge's household" denotes any relative of a judge by blood or marriage, or a person treated by a judge as a member of the judge's family, who resides in the judge's household. See Sections 3E(1) and 4D(5).

"Nepotism" denotes favoritism shown in the treatment of a member of the judge's family or a person living in the judge's household. See Section 3C(4).

"Nonpublic information" denotes information that, by law, is not available to the public. Nonpublic information may include but is not limited to: information that is sealed by statute or court order, impounded, or communicated in camera; and information offered in grand jury proceedings, presentencing reports, dependency cases, or psychiatric reports. See Section 3B(11).

"Periodic part-time judge." A periodic part-time judge is a judge who serves or expects to serve repeatedly on a part-time basis but under a separate appointment for each limited period of service or for each matter. See Section 6D.

"Political organization" denotes a political party or other group, the principal purpose of which is to further the election or appointment of candidates to political office. See Sections 5A(1), 5B(3), and 5C(1).

"Pro tempore part-time judge." A pro tempore part-time judge is a judge who serves or expects to serve once or only sporadically on a part-time basis under a separate appointment for each period of service or for each case heard. See Sections 6B and 6E.

"Public election." This term includes primary and general elections; it includes partisan elections, nonpartisan elections and retention elections. See Section 5C(1) and (3).

"Require." The rules prescribing that a judge "require" certain conduct of others are, like all of the rules in this Code, rules of reason. The use of the term "require" in that context means a judge is to exercise reasonable direction and control over the conduct of those persons subject to the judge's direction and control. See Sections 3B(3), 3B(4), 3B(6), 3B(9), and 3C(2).

"Third degree of relationship." The following persons are relatives within the third degree of relationship: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, or niece. See Section 3E(1)(d).

Case 2:18-cr-00134   Document 56-2   Filed 09/26/18   Page 22 of 22 PageID #: 625

Back to Rules